SCZESNY *v.* WAYNE CIRCUIT JUDGE.

1. Judgment—Setting Aside Default Judgment—Failure to File Declaration—Statute.

The provision in 3 Comp. Laws 1915, § 12407, for the filing of the declaration within 15 days after the issuance of the summons is not mandatory, and therefore failure to comply therewith is not cause for setting aside a default judgment more than one year and seven months after default was entered, under Circuit Court Rule No. 32, § 4, where the declaration was filed before the default.

2. Same—Failure of Counsel to Enter Appearance—Delay in Moving to Set Aside Default Judgment.

Even if failure of defendants' counsel to enter their appearance would ordinarily be cause for setting aside a default judgment against them under Circuit Court Rule No. 32, said failure would not be cause for setting it aside one year and seven months after its entry, where, within the six-month period, defendants made a proper motion to set it aside, and, after abandoning said motion, waited one year and three months before renewing it.

Mandamus by Stanley Sczesny to compel Charles B. Collingwood, acting circuit judge of Wayne county, to vacate an order setting aside a default. Submitted November 21, 1928. (Calendar No. 33,897.) Writ granted January 7, 1929.

*Bruno L. Blinstrub,* for plaintiff.

*Harry J. Lippman,* for defendant.

North, C. J. This is a mandamus proceeding by which the plaintiff seeks to have the defendant vacate an order whereby a default judgment entered in the circuit court of Wayne county was set aside in

the case of Stanley Sczesny *v.* Louis G. Lonyo and Jane A. Lonyo. The following steps taken in the litigation and the respective dates are material:

1926

July 30    Summons issued. Personal service August 10.
August 13  Bond filed to release garnishment.
Sept. 7    Declaration filed.
Sept. 16   Default filed.
Oct. 23    Default judgment taken for $3,310.
1927
April 27   Judgment satisfied.
1928
April 11   Substitution of attorneys filed.
April 17   Motion to vacate judgment and set aside default filed.
April 21   Order entered granting above motion.

From the foregoing it appears this motion to set aside the default and vacate the judgment was made more than one year and seven months after the default was entered, and that judgment had been taken and satisfied in the meantime. Circuit Court Rule No. 32, § 4, provides:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed."

It has been held repeatedly that the purpose of this rule is to fix a limit to the time within which a default judgment regularly entered after personal service and subsequent proceedings had thereon may be vacated, and that unless there is some irregularity in entering such default it cannot be set aside after the lapse of time specified by rule. *Hakes* v. *Kent Circuit Judge,* 213 Mich. 278, and cases cited. The return filed herein shows that the circuit judge set aside the default judgment on the ground that it

was not regularly entered because the declaration was not filed within 15 days after the issuance of the summons as provided by section 12407, 3 Comp. Laws 1915. This provision of the statute is not mandatory. *Goodspeed* v. *Smith*, 161 Mich. 688. The declaration was filed before the default; and therefore the default as filed was free from the claimed irregularity.

As a further reason for setting aside the default and judgment, it is set forth in the return that upon being served with the summons the defendants Louis Lonyo and Jane A. Lonyo promptly engaged attorneys to defend them in the suit, and that their default was entered in consequence of the oversight and neglect of their attorneys who failed to enter the appearance of the defendants. This, it is claimed, was a circumstance beyond the control of the defendants, in consequence of which they have been prevented from having their day in court. Relying upon *Frank* v. *Union Trust Co.*, 239 Mich. 646, counsel for the defaulted defendants, who has been substituted for their former attorneys, now urges that this circumstance justified the circuit judge in setting aside the judgment. It should be noted in passing that the *Frank Case* was decided by an evenly divided court. Without holding such to be the law, we may assume in the present controversy that a client should ordinarily be relieved from the consequences of such neglect on the part of his attorneys, and still find ample reason in this record for denying to the defendants Lonyo the relief sought in consequence of the neglect of their former counsel. Their default was filed September 16, 1926. They knew of this before the six-month period had expired within which they could have presented to the court a proper motion to set aside the default. In fact

such a motion was filed in their behalf on January 7, 1927; and it appears that on the day the motion was set for hearing (January 15, 1927) the defendant Louis Lonyo was in court in person. For some reason not satisfactorily appearing in this record, the motion of January 7, 1927, seems to have been abandoned by the Lonyos. They then waited a year and three months before making the motion to vacate with which we are now concerned. In the meantime the judgment had been paid by the surety on the bond given to release the garnishment. Such delay foreclosed any right the Lonyos might have had to be relieved of the default judgment.

The order of the circuit judge setting aside the judgment was erroneously made. It should be vacated and if necessary the writ prayed herein will be issued. The plaintiff will tax costs of this court against the defendants Lonyo.

Fead, Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.