## SMAK *v.* GWOZDIK.

1. PLEADING—FILING—DEFAULT—DECLARATION—STATUTES.

   Statutory requirement that declaration be filed in office of clerk within 15 days after issuance of writ of summons is not mandatory, and, while plaintiff might be subject to default for failure to file within such period, such default can be cured by subsequent filing (3 Comp. Laws 1929, § 14067).

2. JUDGMENT—DEFAULT—ADMISSIONS—PLEADING.

   The entry of a default means an admission only of matters well pleaded.

3. SAME—DEFAULT—INSUFFICIENT DECLARATION.

   A declaration which does not allege a cause of action is not sufficient to support a default judgment for plaintiff.

4. SAME—DEFAULT—STATUTES.

   There must be strict compliance with the statutory provisions relative to the entry of default judgments and decrees.

5. SAME—DEFAULT—FAILURE TO FILE DECLARATION.

   The entry of a defendant's default in a law case results, in legal effect, in an admission of the allegations contained in the declaration, and, in the absence of a declaration being on file at the time of entry of such an order, the defendant admits nothing by his failure to appear and plead.

6. SAME—DEFAULT—IRREGULARITY—DECLARATION.

   Entry of order of default of defendant for failure to appear, prior to filing of plaintiff's declaration, was premature, and rendered default judgment, entered after declaration was filed, invalid, and was an irregularity which could be cured by entry of default subsequent to the filing of the declaration (3 Comp. Laws 1929, §§ 14067, 14148).

7. SAME—DEFAULT—FILING OF DECLARATION.

   In order to have a valid default judgment, a lawful default must be entered after the filing of the declaration.

(185)

8. Same—Setting Aside Default.

 The power of a court to set aside a default judgment on motion
made over four months after service of process had been
obtained on defendant depends upon whether the default of
defendants was regularly entered (Court Rule No. 28, § 4
[1933]).

9. Pleading—Court Rule—Filing Declaration—Entry of De-
fault—Appearance.

 Purpose of requirement of court rule that plaintiff file declara-
tion within 15 days after commencement of the action is to
enable a defendant, without even entering an appearance, to
ascertain from the court file the exact nature of the claim
plaintiff has made against him and enter an appearance
should he care to do so before entry of a default against him
(Court Rule No. 27, § 1 [1933]).

10. Judgment—Setting Aside Default—Discretion of Court—
Limitation of Actions.

 It was within the discretion of a trial court to set aside a
judgment because it followed a default of defendants which
was irregularly entered more than four months after service of
summons upon defendant not only because of such irregularity
but also because declaration for slander, malicious prosecution
and false imprisonment showed that plaintiff's cause of action
was outlawed before suit was instituted (3 Comp. Laws 1929,
§ 13976; Court Rules No. 27, § 1, No. 28, § 4 [1933]).

11. Appeal and Error—Setting Aside Default—Answer.

 Upon affirmance of order of trial judge setting aside judgment
after irregularly entered default, defendant is allowed 15 days
after decision on appeal within which to answer declaration.

 Potter and Wiest, JJ., dissenting.

Appeal from Wayne; Moll (Lester S.), J. Sub-
mitted February 3, 1940. (Docket No. 144, Calendar
No. 40,896.) Decided April 2, 1940.

Case by Wojciech Smak against Wasyl Gwozdik
and wife for slander, malicious prosecution and false
imprisonment. Judgment for plaintiff by default.
On motion to set aside judgment. Judgment set
aside. Plaintiff appeals. Affirmed.

*Robert D. Anspach (A. Lewis Fineberg,* of counsel), for plaintiff.

*Ernest Nichols Papps,* for defendant.

Chandler, J. This is an application for review, in the nature of mandamus, of an order entered by Judge Moll in the circuit court for the county of Wayne, vacating a default judgment entered on November 25, 1933.

The facts are brief and no dispute exists in regard thereto. A suit was started by summons against defendants on February 2, 1933. An alias summons was served on June 13, 1933, and proof of service filed June 17, 1933. On November 20, 1933, an order of default for failure of defendants to appear was filed. On the following day, plaintiff filed his declaration, and on November 25, 1933, a default judgment was entered against defendants. The declaration sought damages for alleged malicious prosecution of plaintiff by defendants in February, 1930.

On June 28, 1939, defendants moved to set aside the default theretofore entered, and to vacate the judgment rendered pursuant thereto, and later, after a hearing on the motion, an order was entered by the trial judge vacating the judgment entered as aforesaid, and requiring defendants to file answer to plaintiffs' declaration within 15 days.

It is conceded by counsel for the respective parties that the question involved is whether or not a default judgment is invalid by reason of the fact that plaintiff did not file his declaration until after taking the default of the defendants for failure to appear, if, at the time of taking judgment, all necessary pleadings were on file. The trial court held that such judgment was invalid.

The plaintiff contends that the default of the defendants consisted in failure to appear pursuant to

summons; that the legality of such default did not depend upon the previous filing of the declaration; and that the subsequent entry of judgment is based upon the allegations of the declaration filed prior to such judgment, and that the judgment rendered is valid.

The defendants contend that plaintiff was not in a position to enter their default for failure to appear when he was in default for failure to file declaration, and that the declaration should have been filed within 15 days after the issuance of the writ of summons, or at least before the entry of the default. The statute (3 Comp. Laws 1929, § 14067 [Stat. Ann. § 27.734]) provides that if an action shall be commenced by original writ, plaintiff shall file his declaration in the office of the clerk within 15 days after the issuance of said writ. However, this court has upon numerous occasions held that the requirement for the filing of the declaration within said period is not mandatory and that, while the plaintiff might be subject to default for failure to file within such period, such default can be cured by a subsequent filing.

In the determination of the issue involved, the trial court held that the controlling question was whether plaintiffs' declaration should have been filed before the entry of the default, and that that question had been answered and the case controlled by *Goodspeed* v. *Smith*, 161 Mich. 688, and *Sczesny* v. *Wayne Circuit Judge*, 245 Mich. 438.

Neither the industry of counsel nor our own research has resulted in finding any case which deals with the precise question we are called upon to decide.

There can be no question but that the entry of a default means an admission only of matters well

pleaded. *St. Mathews Bank & Trust Co.* v. *Fairleigh,* 259 Ky. 209 (82 S. W. [2d] 326); *Simon* v. *Duet,* 177 La. 337 (148 South. 250).

The plaintiff contends that inasmuch as defendants submitted to a judgment by default they should not be permitted to escape the legal consequences of their own neglect by a review of the judgment entered; and that, at the most, the entry of default before the filing of his declaration was a mere irregularity which was cured by the judgment entry. If the failure to file a declaration before entry of default is a mere irregularity, it will not invalidate the judgment. See 3 Comp. Laws 1929, § 14148 (Stat. Ann. § 27.842). However, a declaration which does not allege a cause of action is not sufficient to support a default judgment for plaintiff. There can be no question about the correctness of this proposition.

There must be strict compliance with the statutory provisions relative to the entry of default judgments and decrees.

Default of a defendant in an equity case is by the entry of an order *pro confesso,* meaning that the allegations of plaintiff's bill of complaint have been taken as confessed. No one would contend that the entry of an order *pro confesso* without a bill of complaint being on file at the time would furnish a basis for the entry of a valid decree. The entry of a defendant's default in a law case results, in legal effect, in an admission of the allegations contained in the declaration. In the absence of a declaration being on file at the time of entry of such an order, the defendant admits nothing by his failure to appear and plead. Entertaining these views and applying them to the question under consideration, we find that here the entry of defendant's default was pre-

mature, because no declaration was on file, and that this irregularity could only be cured by the entry of defendants' default subsequent to the filing of the declaration.

The views expressed by us that the default judgment is invalid, we think, finds support in *Sczesny* v. *Wayne Circuit Judge, supra,* wherein we said:

"It has been held repeatedly that the purpose of this rule is to fix a limit to the time within which a default judgment regularly entered after personal service and subsequent proceedings had thereon may be vacated, and that unless there is some irregularity in entering such default it cannot be set aside after the lapse of time specified by rule. *Hakes* v. *Kent Circuit Judge,* 213 Mich. 278, and cases cited. The return filed herein shows that the circuit judge set aside the default judgment on the ground that it was not regularly entered because the declaration was not filed within 15 days after the issuance of the summons as provided by section 12407, 3 Comp. Laws 1915 (3 Comp. Laws 1929, § 14067 [Stat. Ann. § 27.734]). This provision of the statute is not mandatory. *Goodspeed* v. *Smith,* 161 Mich. 688. *The declaration was filed before the default; and therefore the default as filed was free from the claimed irregularity.*"

It fairly appears to us from the language contained in the last sentence of the above quotation that if the declaration there had not been filed before the default, that the court would have held that said default as entered was irregular and not sufficient to form the basis of a valid judgment.

We also quote from *Goodspeed* v. *Smith, supra.*

"We are of the opinion that the statute was not designed to make the filing of a declaration within 15 days after the writ mandatory, * * * that noncom-

pliance is an irregularity. Unless we must say that the seasonable filing of a declaration is essential to the acquirement of jurisdiction over the person of the defendant, there is no reason for not treating the failure as an irregularity. Jurisdiction is acquired by proper publication, and proof thereof following the statutory preliminary steps. *The pleadings, default and judgment follow, and there is no doubt that, if the record shows a judgment without a lawful default after filing a declaration, the judgment is void on the face of the record.*"

We believe from the foregoing cases it is made clear that in order to have a valid default judgment, a lawful default must be entered after the filing of a declaration.

The order of the trial court is affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, NORTH, McALLISTER, and BUTZEL, JJ., concurred with CHANDLER, J.

NORTH, J. (*concurring*). This is an appeal from an order of the circuit judge granting defendants' motion to set aside a default judgment. There was personal service on defendants of an alias summons June 13, 1933. No further proceedings were had in this suit until November 20, 1933, when defendants' default for nonappearance was entered. On the following day plaintiff filed his declaration. Testimony was taken and judgment for $800 was entered for plaintiff November 25, 1933. Approximately 6 years later this motion to set aside the judgment was made, heard, and granted.

Notwithstanding defendants deny service of the summons, for present purposes we will assume personal service was obtained. Since it was more than 4 months after such service that this motion to set aside the judgment was made, the power of the trial

court to grant the motion depends upon whether the default of defendants was regularly entered. Court Rule No. 28, § 4 (1933). *W. H. Warner Coal Co.* v. *Nelson,* 204 Mich. 317; *Whirl* v. *Reiner,* 229 Mich. 114; *Stanczuk* v. *Pfent,* 231 Mich. 689; *Dades* v. *Central Mutual Auto Ins. Co.,* 263 Mich. 260.

The default was not regularly entered for the following reason: Court Rule No. 27, § 1 (1933), provides: "A plaintiff must file his declaration within 15 days after the commencement of the action." Under the rule plaintiff should have filed his declaration within 15 days after the summons was issued, *i. e.,* within 15 days after February 2, 1933. This he failed to do; and plaintiff himself therefore was in default for want of proper procedure after the expiration of the 15-day period until his declaration was filed, November 21, 1933. The matter of complying with the rule provision as to a plaintiff filing his declaration is not an idle ceremony. Its obvious purpose is that the one against whom suit is brought may, without even entering his appearance, ascertain from the court file the exact nature of the claim plaintiff has made against him. This opportunity is not available to the party sued unless plaintiff's declaration is filed within the 15 days and therefore before the time has expired within which plaintiff may enter defendant's default. If the party sued ascertains that the claim as made against him is just, obviously there is no occasion for entering an appearance; but, on the other hand, if plaintiff's claim as set forth in his pleading is unjust, the party sued should have opportunity to enter his appearance after having ascertained such to be the fact and before his default is entered.

It was within the discretion of the trial court to set aside the judgment because it followed a default

of defendants which was irregularly entered. Affirmance of the order of the trial judge might well be rested solely on the ground that on this appeal there is no showing of an abuse of discretion.

But there are other circumstances disclosed by this record which abundantly justify affirmance of the trial court's order. The original default judgment was entered by the same circuit judge who heard and granted the motion to set aside the judgment. Plaintiff's suit was for alleged slander, malicious prosecution, and false imprisonment. According to the allegations of his declaration plaintiff's cause of action arose in February, 1930; but as above noted the instant suit was not instituted until the original summons was issued, February 2, 1933. One of the grounds urged in support of defendants' motion to vacate the judgment is that on the face of plaintiff's declaration it appears his cause of action was outlawed before suit was instituted. 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605). While it does not appear that the circuit judge particularly relied upon this circumstance in setting aside the judgment, still it is too obviously a sufficient reason to be overlooked. In fact it might well be held that had the circuit judge, under the circumstances, refused to set set aside the judgment, it would have been an abuse of discretion.

The order of the circuit judge is affirmed; and defendants will be allowed 15 days after decision of this court within which to file their answer to plaintiff's declaration. Appellees will have costs of this court.

Bushnell, C. J., and Sharpe, Chandler, McAllister, and Butzel, JJ., concurred with North, J.

Wiest, J. (*dissenting*). The circuit judge was in error.

The suit was commenced by original writ with personal service on defendants. The writ was issued February 2, 1933, returned, unserved, April 28, 1933, and an alias summons was returned, served, June 17, 1933. November 20, 1933, default of defendants for want of appearance was entered. November 21, 1933, plaintiff's declaration was filed. November 25, 1933, judgment on hearing and proofs under such default was granted and entered. About six years later, when execution was taken out on the judgment, on motion of defendants, the court held the judgment void because the declaration was not on file the day the default was entered.

The process, duly served, gave the court jurisdiction of the action and the parties, and the claimed irregularity in filing the declaration the day after entry of default for want of appearance, instead of a day earlier, worked no prejudice to defendants, and the irregularity, if any, did not go to the jurisdiction of the court to take proofs and render judgment.

As said in *Torrans* v. *Hicks,* 32 Mich. 307:

"The affidavit on which the order *pro confesso* was entered was filed three days after that order. This was an irregularity, but as the proof was filed before the decree was made, there was no want of authority to make the decree."

Defendants could not have the judgment vacated on a ground which would not open the default.

Court Rule No. 28, § 4 (1931), in force at the time the judgment was taken, provided:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken

after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed or entered."

Section 4, Court Rule No. 28 (1933), now in force, relative to defaults, provides:

"Any order entered under this rule may be set aside on special motion for cause shown, in the discretion of the court, on terms. In actions at law, the party desiring to have a default set aside shall, as soon as practicable after he shall know or have reason to believe that the default has been filed or entered, file and serve an affidavit of merits, and make application to the court to have the default set aside. * * * In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within four months after such default is regularly filed or entered."

The process served upon defendants not only notified them of the institution of the suit but, as well, warned them of the penalty in not appearing in answer to such summons.

The claimed irregularity did not invalidate the judgment.

Plaintiff should be entitled to a direction to the circuit court to vacate the order and reinstate the judgment. Plaintiff should recover costs.

POTTER, J., concurred with WIEST, J.