HALLER *v.* WALCZAK.

1. JUDGMENT—DEFAULT—FILING OF AFFIDAVIT AS TO MILITARY SERVICE—BOND.

Judgment may be entered in an action after default of the defendant, without an affidavit as to latter's military service having been filed, the court being authorized to require the filing of a bond to indemnify the defendant, if in military service, against loss or damage that may be suffered by him if the default judgment is subsequently set aside in whole or in part (54 Stat 1178 *et seq.*).

2. ARMY AND NAVY—CIVIL RELIEF ACT.

The Federal soldiers and sailors civil relief act of 1940 was obviously designed to protect those in military service and does not appear to have been enacted to protect others (54 Stat 1178 *et seq.*).

3. JUDGMENT—DEFAULT—NONMILITARY SERVICE AFFIDAVIT.

Defendants, neither of whom appear to have been in the military service when suit was brought against them or when judgment was entered, were not prejudiced because of the failure to file the nonmilitary affidavit, as required by local circuit court rule, before taking the default judgment (54 Stat 1178 *et seq.*; CL 1948, § 32.53; Wayne Circuit Court Rule No 24, pt 1).

4. SAME—DEFAULT—STATUTE BARRING REVERSAL.

Statute barring reversal of a default judgment for a "default or negligence * * * of the parties, or their counselors or attorneys, by which neither party shall have been prejudiced" applies to case in which no nonmilitary service affidavit was filed by plaintiff before taking default judgment, where neither defendant is shown to have been in the military service (54 Stat 1178 *et seq.*; CL 1948, § 32.53; Wayne Circuit Court Rule No 24, pt 1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 31 Am Jur, Judgments § 505 *et seq.*
[2, 5] 56 Am Jur, War §§ 26, 27.
[7, 8] 31 Am Jur, Judgments § 527.
[9] 31 Am Jur, Judgments § 729.

5. ARMY AND NAVY—STATUTES.

One not in the military service is not entitled to invoke the protective provisions of an act which had been enacted to protect those in the military service (54 Stat 1178 *et seq.*).

6. JUDGMENT—DEFAULT—COVERTURE—WAIVER.

The fact that defendant wife might have interposed the defense of coverture had she and her husband seasonably appeared and contested plaintiff's right to recover against them in a tort action, does not afford a basis to set aside default judgment and allow her to defend on that ground, as the failure to enter an appearance in the cause and contesting it, thus permitting the default to be taken, waived such defense.

7. SAME—DEFAULT—ADMISSIONS—DAMAGES.

A default in appearing or pleading in an ordinary action founded on contract or tort admits the right to recover, but not the amount of the damages.

8. SAME—DEFAULT—WAIVER OF LIABILITY—DAMAGES.

Plaintiff tenant in action for injuries sustained by reason of defendant owners' failure to keep steps of apartment house free from ice was not bound to offer proof establishing negligence of defendants in support of her motion for default judgment, testimony as to the nature and extent of her injuries being sufficient, since liability was waived.

9. SAME—SETTING ASIDE DEFAULT—DELAY.

Defendants, duly served with process, were barred from having default against them set aside on motion filed 8 months after default for nonappearance had been entered and motion followed notice of taking of judgment against them by plaintiff, no fraud being claimed and proceedings appear to be regular in all respects as pertinent court rule allows only 4 months within which to move to set the default aside (Court Rule No 28, § 4 [1945]).

Appeal from Wayne; McCree (Wade H., Jr.), J. Submitted October 2, 1956. (Docket No. 19, Calendar No. 46,850.) Decided December 6, 1956.

Case by Sophie Haller against Walter Walczak and Helen Walczak for damages for personal injuries sustained in fall on stairs. Default judgment

for plaintiff. Motion to set aside judgment dismissed. Defendants appeal. Affirmed.

*George A. Porter,* for plaintiff.

*Roman V. Ceglowski,* for defendants.

CARR, J. Plaintiff brought this action to recover damages for injuries claimed to have been sustained by her as a result of a fall on porch steps. The declaration filed alleged that on January 29, 1954, plaintiff was a tenant of defendants, occupying an upper flat in a dwelling owned by them. The building had an enclosed rear porch, elevated about 4 feet from the ground, to which access was supplied by means of said steps. Plaintiff further averred in her pleading that it was the duty of the defendants to keep said porch steps in good repair, free from ice, and reasonably safe for use by plaintiff as a tenant in the building. It was further her claim that the duty was not performed, and that as a result plaintiff sustained a fall resulting in injuries to her person.

The case was started by summons issued on July 8, 1954. It is not disputed that service was had on both of the defendants on July 12th following. The return showing service was duly made, and plaintiff's declaration was filed on the 14th of the same month. No appearance was entered on behalf of defendants, and their default was taken on August 20, 1954. Motion for a default judgment was made on the 4th of March, 1955, and, following a hearing in which proofs were submitted as to the damages sustained by plaintiff, the circuit judge, hearing the matter without a jury, entered judgment in the sum of $6,000, with costs. Notice of entry of judgment was duly served on defendants.

Following the entry of judgment an execution was issued and garnishment proceedings were also instituted. On April 20, 1955, defendants submitted a motion to set aside the default and the judgment entered against them, asserting that the judgment was irregularly granted, that they had a meritorious defense to the action, that the injuries suffered by plaintiff resulted from her own carelessness, that defendants were not guilty of negligence, and that defendant Helen Walczak was entitled to deny liability on the ground of coverture. An affidavit of merits was filed in support of the motion and subsequently defendants caused an answer to be filed in the case denying the material averments of the declaration. The trial court denied defendants' motion to set aside the default and the judgment entered thereon. Subsequent motions for reconsideration were also denied. As indicated by the orders entered, it was the position of the trial judge that he was without authority to grant defendants the relief sought.

Following the denial of the last motion made on behalf of defendants, claim of appeal was filed and the record duly settled. Defendants assert in their reasons and grounds for appeal that the trial court was in error in entering the orders above referred to, that the default judgment was irregularly taken without compliance with Wayne Circuit Court Rule No 24, part 1, that defendant Helen Walczak was entitled to defend the action on the ground of coverture, that the judgment was excessive, and that the proofs taken did not establish plaintiff's right to recover. It is the position of the plaintiff that the motions made following the entry of judgment were properly denied, and that defendants were not entitled to the relief sought by them. .

The circuit court rule cited, in force at the time the default judgment was entered, provided that before entry of any judgment or decree in actions and pro-

ceedings in which a defendant had not appeared an affidavit of nonmilitary service should be filed, such affidavit to be executed not more than 3 days before entry of such judgment or decree. It is conceded that plaintiff did not, prior to taking the default judgment against defendants, file an affidavit setting forth that defendants were not in military service. The pertinent part of the local rule makes reference to CL 1948, § 32.53 (Stat Ann 1952 Rev § 4.644) and to the soldiers' and sailors' civil relief act of 1940, duly enacted by Congress and effective as of October 17, 1940. However, the Michigan statute cited does not refer in specific terms to a nonmilitary affidavit. The Federal law in question, the "soldiers' and sailors' civil relief act of 1940,"* provides, 50 USCA App, § 520, subd (1), for the filing of an affidavit in default cases as to the military service of the defendant. However, if such affidavit is not filed judgment may be entered by order of the court, and the court is also authorized to require the filing of a bond to indemnify the defendant, if in military service, against loss or damage that may be suffered by him if the default judgment is subsequently set aside in whole or in part. Authority is granted to the court entering the judgment to make such further order as may be deemed necessary to protect the rights of a defendant under the act.

The provisions of the Federal statute were obviously designed to protect those in military service. It does not appear that in the enactment of the measure Congress sought to protect others. In the case at bar no claim was made in the trial court, or in this Court, that either defendant was in military service when the suit was brought, or when the judgment was entered. An affidavit filed by plaintiff in the proceeding specifically set forth that the defend-

---

* 54 Stat 1178 *et seq.* (50 USCA App, § 501 *et seq.*).

ants were not in military service, but were residents of the city of Hamtramck and regularly employed. Such being the situation, it does not appear that defendants were in any way prejudiced because of the failure to file the nonmilitary affidavit before taking the default judgment. Counsel for plaintiff directs attention in this connection to CL 1948, § 616.5 (Stat Ann § 27.842) which, among other provisions, declares that a default judgment shall not be reversed:

"For any other default or negligence of any clerk or officer of the court, or of the parties, or their counselors or attorneys, by which neither party shall have been prejudiced." (Subsection 13.)

Such provision is applicable in the case at bar under the facts disclosed by the record.

In considering the bearing of the Federal statute on the issue here involved, it must be borne in mind that the purpose of the Congress in its enactment was to protect those in military service. The title clearly suggests the object to be attained. In construing the section of the act above cited (50 USCA App, § 520), it has been generally recognized that one not in military service is not entitled to invoke its protection. In *Howie Mining Co.* v. *McGary* (DC W Va), 256 F 38, the defendants, as in the case at bar, were duly served with process. They consulted an attorney who wrote to the clerk of the court in which the action was brought requesting a certified copy of the declaration as soon as filed. Apparently the request was not received. Because the attorney did not receive a reply to his communication, he assumed that no declaration was filed and that presumably the suit had been dismissed. No appearance was filed and in consequence a default judgment was entered. Motion to set said judgment aside was made, based, in part, on the fact that no nonmilitary affidavit had been filed. It was contended that such failure ren-

dered the judgment void. Following a discussion of the provisions of the statute there involved, it was said (pp 44, 45):

"In view of all these provisions, I conclude that this statute does not affect in any way the right of the courts to assume jurisdiction over individual citizens not engaged in the service specified by the statute; that in case they have or do assume such jurisdiction over one in such service, it is their duty, in case attention is called to the fact, by either the defendant in service or some one for him, to see to it that such defendant is properly represented by attorney and the action is stayed unless his interests will not be materially affected or he is by bond indemnified; that in case judgment is taken against him he has full remedy under this fourth clause to have such judgment vacated; that none of these provisions can in any way inure to the benefit of persons not in such service and therefore, unless one or the other of these defendants can show that he was in such service at the time this judgment was rendered the failure of the plaintiff to file affidavit that such was not the case becomes wholly immaterial, so far as any right on their part is concerned, to disturb or cause this judgment to be set aside. They do not assert or claim to have been in such service, and, on the contrary, the plaintiff tenders an affidavit that they were not. I can see no reason why such affidavit, uncontradicted by defendants, cannot on this motion be accepted and filed, to show that no injustice in this particular has been done defendants and no error in rendering the judgment to their prejudice has been committed."

Likewise, in *Sanchez* v. *Sobieski*, 3 Ill App2d 479 (122 NE2d 602), it was held, as appears from the reported abstract of decision, that:

"Default judgment taken without the military affidavit required by section 200 of soldiers and sailors civil relief act of 1940, as amended, is not thereby

rendered void but merely voidable at the instance of the serviceman upon proper showing of prejudice and injury (50 USCA App, § 520)."

A number of cases are cited in the "Notes of Decisions" following 50 USCA App, § 520. Without discussing them in detail it may be said that they are in accord with the Federal decision and the Illinois decision above cited. The conclusion follows that defendants in the instant case were not entitled to attack the default judgment rendered against them because of the failure to file the nonmilitary affidavit within the 3-day period preceding the entry of said judgment. They were not prejudiced by the omission. They make no claim that they, or either of them, were in the military service. The local court rule and the statutes therein referred to were not designed for their benefit and protection.

Assuming that defendant Helen Walczak might have interposed the defense of coverture had defendants seasonably appeared and contested plaintiff's right to recover, it does not follow that the judgment should be set aside to allow her to defend on that ground. By failure to enter an appearance in the cause after service of process, and thus permitting the default to be taken, the defense in question was waived. Under such circumstances a party against whom an action is brought may not refrain from contesting it and then, after default has been regularly taken and judgment entered, assert the right to have such proceedings vacated to the end that plaintiff's cause of action may be contested. Neither do we find merit in the claim that plaintiff in support of her motion for default judgment was bound to offer proof establishing the negligence of the defendants. As before stated, there was testimony as to the nature and extent of her injuries. In *Hanover*

*Fire Ins. Co. of New York* v. *Furkas,* 267 Mich 14, 19, it was said:

"In ordinary actions founded on contract or tort the rule seems well established that a default in appearing or pleading admits the right to recover, but not the amount of the damages."

In support of such conclusion the Court cited *Grinnell* v. *Bebb,* 126 Mich 157; *Cromwell* v. *County of Sac,* 94 US 351 (24 L ed 195); 15 RCL, Judgments, § 112, p 663 *et seq.*; 17 CJ, Damages, § 342, p 1042.

The trial judge denied defendants' motions on the stated ground that he was without jurisdiction in the premises. Michigan Court Rule No. 28, § 4 (1945), provides that:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months after such default is regularly filed or entered."

As before noted, the default against the defendants for not appearing was entered August 20, 1954. Their motion to set aside the default, following notice of the taking of the judgment against them, was not made until April 20, 1955. In consequence they were barred by the express language of the rule from seeking such relief. There is no claim of fraud in the case, and it appears that the proceedings were regular in all respects.

In *Hakes* v. *Kent Circuit Judge,* 213 Mich 278, the trial court granted a motion to set aside a default more than 6 months after it had been regularly taken. In directing such order to be vacated this Court found that the moving party's claim of fraud was not substantiated by the proofs, and that under the court rule then in effect, the application not being made within 6 months after the default was filed and

·entered, and the proceedings being regular, the relief sought by the motion was improperly granted. In reaching such conclusion, it was said, in part (p 285): ,

"The provisions of the rule are mandatory, applying alike to law and equity proceedings. The substance of repeated rulings of this Court upon that limitation is well condensed in *Cook* v. *Wayne Circuit Judge*, 197 Mich 19, 20, a chancery suit in which default after personal service had been entered and decree granted more than 6 months before application to set the same aside, as follows:

" 'The object of this rule was to fix the time within which a default might be set aside and it has been repeatedly held that an order setting aside a default after the expiration of 6 months from its entry was void, and mandamus has issued to compel the vacation of such orders.' Citing cases.

·"The trial court was without jurisdiction to make the order complained of."

In *Smak* v. *Gwozdik*, 293 Mich 185, cited by counsel for appellants, the Court found that the default was prematurely taken because at the time plaintiff had not filed his declaration, which he was required to do under the statute within 15 days after the issuance of process. Accordingly, the order of the trial judge setting aside the default was affirmed. In view of the facts this decision may not be regarded as in point in the case at bar.

Other questions referred to by counsel in their briefs do not require consideration. For the reasons above stated we conclude that the trial judge properly disposed of the motions presented to him by

defendants, and the judgment and orders in question are affirmed. Plaintiff may have costs.

Dethmers, C. J., and Sharpe, Smith, Edwards, Kelly, and Black, JJ., concurred.

Boyles, J., took no part in the decision of this case.