PENNEY v. PROTECTIVE NATIONAL
INSURANCE COMPANY

1. Judgment—Default Judgment—Setting Aside—Injustice.

Default judgment against the insurance company through which
plaintiff held insurance on his motor vehicle and the local
agent of the insurer, who owned the collision shop where the
vehicle was repaired after it was damaged in a collision and
subsequently vandalized, is vacated and the case remanded to
the trial court for a determination on the merits where plain-
tiff had not filed a default with the clerk, as required by court
rule, the judgment was entered five days after service of
entry of default judgment, although the court rule requires a
seven-day waiting period, the insurer's attorney inquired as
to the status of the case after the judgment but within the
seven-day waiting period, and, upon the facts shown, the re-
sponsibility of the insurer would be substantially less than
the judgment, as there must be strict compliance with such
rules, and a failure in that regard requires that the judgment
be set aside where some injustice is evident (GCR 1963, 520.1,
520.2[2]).

2. Costs — Default Judgment — Setting Aside — Attorney and
Client.

Defendants should be obligated to pay plaintiff's counsel fees
and costs arising out of the litigation where a default judg-
ment is set aside because plaintiff should not be penalized
for defendants' original selection of an attorney who did not
properly represent their interests when he entered an appear-
ance for defendants, failed to appear at a pre-trial conference
or for trial dates and the court and the second attorney for
one of the defendants were unable to contact him.

References for Points in Headnotes

[1]  46 Am Jur 2d, Judgments §§ 679, 686, 699, 701, 708.
[2]  46 Am Jur 2d, Judgments § 784.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 April 16, 1970, at Lansing. (Docket Nos. 7,613, 7,705.)  Decided May 28, 1970.

Complaint by Alan Penney against Protective National Insurance Company of Omaha and Thomas Mulcahy, doing business as Greg's Collision, for damages. Default judgment. Defendants' motion to set aside default judgment denied. Defendants appeal. Reversed and remanded.

*Richard E. Cyrul,* for plaintiff.

*Arthur J. Cole,* for Protective National Insurance Company.

*Chester E. Palid,* for Thomas Mulcahy, doing business as Greg's Collision.

Before: R. B. BURNS, P. J., FITZGERALD and VAN DOMELEN,* JJ.

VAN DOMELEN, J. Defendants appeal from the trial court's denial of their motion to set aside a default judgment entered against them, arguing that the court below failed to follow the procedural guidelines of GCR 1963, 520.

Plaintiff brought suit in Macomb County Circuit Court on June 10, 1968, against defendant Protective National Insurance Company, through which he held insurance on his motor vehicle, and defendant Thomas Mulcahy, the local agent of the insurer and owner of Greg's Collision. Keith B. Trace, Jr., entered an appearance for both defendants on July 15th.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

After he failed to appear at a pre-trial conference or for trial dates, the court made unsuccessful attempts to contact him by telephone. Finally, on April 21, 1969, the court took testimony and rendered a judgment for the plaintiff. The evidence introduced showed that the insurer issued a policy of auto insurance for plaintiff's 1966 Buick on November 17, 1967, providing coverage for collision, theft, vandalism, and malicious mischief up to the value of the vehicle; that plaintiff's automobile was involved in a collision on January 10, 1968; that plaintiff notified the insurer's agent who recommended he contact Greg's Collision; that during the time after the accident and before delivery to Greg's Collision the vehicle was vandalized; and that after five months, the repair shop billed the insurer $949.56, but plaintiff refused to accept the car because of shoddy workmanship. The judgment allowed plaintiff to recover the value of the car ($3500) and lost wages ($814).

Notice of the entry of default judgment was served by mail on May 7, 1969, although plaintiff had not filed a default with the clerk in accordance with GCR 1963, 520.1. The judgment was entered five days thereafter on May 12, 1969, although GCR 1963, 520.2(2) requires a seven-day waiting period. This departure from the rule takes on added significance in light of the fact that a second attorney, retained by the insurer because it was unable to contact Mr. Trace, inquired as to the status of the case on May 13, 1969, within the seven-day waiting period of 520.2(2). Defendant insurer moved to set aside the default judgment pursuant to GCR 1963, 520 and 528 on May 26, 1969, and defendant Mulcahy on June 3, 1969.

The trend of recent decisions both in our courts and in the Federal courts** has been toward liberal construction of the default judgment provisions in order to achieve meritorious determination of cases. *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37, 47. The Supreme Court has combined this with strict construction of the procedural requirements of the rules.

In the many cases interpreting the predecessor of GCR 1963, 520, Court Rule No 28 (1945), the Supreme Court held that there must be strict compliance with provisions relative to the entry of default judgments, and a failure in that regard required that the judgment be set aside. See *e.g., Smak* v. *Gwozdik* (1940), 293 Mich 185; *Rosen* v. *Wayne Circuit Judge* (1928), 244 Mich 397; *McHenry* v. *Village of Grosse Pointe Farms* (1933), 265 Mich 581; *Watkins* v. *Wayne Circuit Judge* (1929), 247 Mich 237. However, where the defect in procedure was only the failure to file the nonmilitary affidavit, now GCR 1963, 520.3, the Supreme Court has been reluctant to set aside the judgment absent a showing of prejudice because of the defect. *Haller* v. *Walczak* (1956), 347 Mich 292.

In recent cases, we have required that plaintiffs must comply with the seven-day notice provision of GCR 1963, 520.2(2) once a party formally appears, in order for their judgments to retain validity. In *Advance Dry Wall Company* v. *Wolfe-Gilchrist, Inc.* (1968), 14 Mich App 706, where one defendant had no notice of the default proceedings, we said as to her, "The rule as to notice was not properly fulfilled

---

** See *e.g., Wilver* v. *Fisher* (CA 10, 1967), 387 F2d 66; *Consolidated Masonry & Fireproofing, Inc.* v. *Wagman Construction Corporation* (CA4, 1967), 383 F2d 249; *Thorpe* v. *Thorpe* (1966), 124 App DC 299 (364 F2d 692); *Horn* v. *Intelectron Corp.* (SD NY, 1968), 294 F Supp 1153, all construing the Federal Rules 55(b) and 60(b), corresponding to our 520.2 and 528.3.

and to allow the judgment to stand against her would be to deny her due process." 14 Mich App at 713; *Rhodes* v. *Rhodes* (1966), 3 Mich App 396, 400.

On the other hand, the Supreme Court has expressed a clear policy against setting aside defaults. *White* v. *Sadler* (1957), 350 Mich 511. The power to set aside such judgments has traditionally been one within the discretion of the trial court, disturbed on appeal only upon a showing of clear abuse, *Rhodes* v. *Rhodes, supra,* 3 Mich App at 403; *Seifert* v. *Keating* (1955), 344 Mich 456; *Crew* v. *Zabowsky* (1959), 357 Mich 606. We have, however, distinguished *White* v. *Sadler, supra,* in *McDonough* v. *General Motors Corporation* (1967), 6 Mich App 239, where we thought it unconscionable to let the default judgment stand:

"[*White* v. *Sadler*], demonstrating the Michigan position of strictness regarding setting aside default, is definitive and yet we do not believe that it was written with a view toward condoning and perpetuating a judgment fraught with manifest injustice." 6 Mich App at 244.

In the present case, some injustice is evident, although not of the proportion of *McDonough*. The transcript of the default proceedings indicates there was no proof as to the actual value of the vandalized vehicle. In addition, by the very terms of the contract on which plaintiff sued, the insurer is liable for no more than the value of the automobile although the trial court awarded plaintiff $814 for lost wages.

We think our explicit language in *McDonough* and *Wolfe-Gilchrist* requires that the present case be remanded to the trial court for a determination on the merits, particularly for the benefit of the insurer, who as the more "collectible" of the two defendants

would bear the full burden of the $4,314 judgment even though its responsibility upon the facts shown would be substantially less. *Carter* v. *State Farm Mutual Insurance Company* (1957), 350 Mich 535. By vacating the judgment plaintiff would be put to the test of proving a case on the merits without prejudicing his true cause of action. *McDonough, supra,* 6 Mich App at 247.

We recognize, however, that the plaintiff should not be penalized for the defendants' original selection of an attorney who did not properly represent their interests. They should be obligated to pay counsel fees and costs arising out of the litigation. We recommend as a guide to the trial court the Supreme Court's award in *Walters* v. *Arenac Circuit Judge, supra.*

Reversed and remanded for trial. No costs are awarded in this Court.

All concurred.