LAWRENCE *v.* COOK

1. Judgment—Default Judgment—Setting Aside Judgment.
   The four-month limitation governing a motion to set aside a default judgment must be met even though the attorney of the party against whom the default was entered was inexcusably remiss in handling the case (GCR 1963, 520.4).

2. Judgment—Default Judgment—Seven-Day Notice.
   Requirement that seven-days notice be given a party who has appeared in an action before a default judgment can be entered against that party is mandatory; a default judgment was set aside where the judgment was entered three days after the date set for trial of the matter and the hearing held thereon, even though the application to set the default aside was not made until over five months after the default was entered (GCR 1963, 520.2[2], 520.4).

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 June 16, 1971, at Detroit. (Docket No. 10763.)   Decided September 29, 1971.

Complaint by Samuel L. Lawrence and Anna Grimes, coexecutors of the estate of Willington A. Lawrence, and Kathleen Wallace against Vernon Cook, Mattie Cook, and the Hillsdale State Savings Bank, for payment of two promissory notes, to have a deed set aside, and for a judgment on account. Default judgment for plaintiffs.   Defendants

References for Points in Headnotes

[1]  47 Am Jur 2d, Judgments § 706.
[2]  47 Am Jur 2d, Judgments §§ 1178, 1179.

Vernon Cook and Mattie Cook appeal. Reversed and remanded.

*Emil M. Fry,* for plaintiffs Lawrence and Grimes.

*Prettie, Parker & Hayes,* for plaintiff Wallace.

*Charles G. Gibbons,* for defendants Cook.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

PER CURIAM. On January 5, 1970, plaintiffs brought suit against defendants for payment of two promissory notes, to have a deed set aside, and for a judgment on account. Defendants were personally served with a summons and complaint on January 10, 1970.

An appearance was made on defendants' behalf by their attorney on January 23, 1970. The record shows, however, that no answer or any other responsive pleading on behalf of the defendants Cook was ever filed.

After a lapse of five months, during which time nothing was done by defendants' attorney, a default for failure to answer was entered against the defendants. On August 19, 1970, proofs were presented and a judgment was entered on the default against defendants. On August 20, 1970, an amended judgment was filed which corrected certain clerical errors.

On November 3, 1970, defendants by their present attorney filed a motion to have the default set aside. The trial court refused to grant the motion, and defendants then brought this timely appeal.

Although it is apparent that defendants' first attorney was inexcusably remiss in handling this

case, the time requirements contained in GCR 1963, 520.4 must still be met:

"4. Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within *4 months after the default was regularly filed* or entered except as provided in Rule 528." (Emphasis supplied.)

Since the application of the instant case was not made until over five months after the default was entered, it would appear that the application is too late. However, the seven-day notice requirement of GCR 1963, 520.2(2) must also be met:

"In all other cases the party entitled to a judgment by default shall apply to the court therefore; * * * if the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least *7 days prior to the hearing on such application.*" (Emphasis supplied.)

The judgment here was entered only three days after the date set for trial of the matter and the hearing thereon. This Court has held that the above notice requirement is mandatory. *Rhodes* v. *Rhodes* (1966), 3 Mich App 396; *Advance Dry Wall Co.* v. *Wolfe-Gilchrist, Inc.* (1968), 14 Mich App 706.

Since the seven-day notice requirement was not met, it is the opinion of this Court that the judgment below must be reversed. However, since it was not the plaintiffs' fault that defendants' attorney was

inexcusably negligent in handling defendants' case, we quote the following from *Penney* v. *Protective National Insurance Co.* (1970), 24 Mich App 218, 223, as a guide for the trial court:

"We recognize, however, that the plaintiff should not be penalized for the defendants' original selection of an attorney who did not properly represent their interests. They should be obligated to pay counsel fees and costs arising out of the litigation. We recommend as a guide to the trial court the Supreme Court's award in *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37, 47."

Reversed and remanded. No costs.