AMERICAN CENTRAL CORPORATION v STEVENS VAN LINES,
INC

Docket No. 48248. Submitted October 7, 1980, at Lansing.—Decided
February 4, 1981.

American Central Corporation brought an action against Stevens
Van Lines, Inc. and United Van Lines Worldwide, Inc. for
breach of contract, unfair trade practices, fraud, interference
with contractual relations, and the intentional infliction of
emotional distress. Upon defendants' failure to appear or other-
wise defend, defaults were entered. A jury awarded plaintiff
actual, exemplary, and punitive damages and attorney fees
following a jury trial on the issue of damages alone, Ingham
Circuit Court, James T. Kallman, J. Defendants appeal, alleg-
ing that the trial court erred in barring their participation in
the trial for assessment of damages and in awarding punitive
and exemplary damages. *Held:*

1. Defendants' failure to appear or defend amounted to the
equivalent of an admission as to their liability, but not as to
the amount of damages. The trial court erred in barring
defendants' participation in the subsequent trial to determine
damages as this matter was still at issue.

2. The trial court erred in allowing an award of punitive and
exemplary damages. The parties entered into a commercial
contract susceptible of accurate pecuniary estimation, and its
breach did not involve any special circumstances which would
warrant such an award.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments § 1186.
[2] 47 Am Jur 2d, Judgments § 1187.
Defaulting defendant's right to notice and hearing as to determina-
tion of amount of damages. 15 ALR3d 586.
[3] 20 Am Jur 2d, Courts § 86.
[4] 47 Am Jur 2d, Judgments § 1178.
Effect, under Rule 55(b)(2) of the Federal Rules of Civil Procedure
and similar state statutes and rules, of failure, prior to taking
default judgment against party who has appeared, to serve 3-day
written notice of application for judgment. 51 ALR2d 837.
[5] 47 Am Jur 2d, Judgments § 1194.
[6] 22 Am Jur 2d, Damages § 245.

1. PLEADING — DEFAULT — ADMISSIONS — LIABILITY — DAMAGES — COURT RULES.

Entry of a default in an action is equivalent to an admission by the defaulting party as to all well-pleaded allegations; however, it is equivalent to an admission as to liability only and not as to damages (GCR 1963, 520).

2. PLEADING — DEFAULT — ADMISSIONS — UNLIQUIDATED DAMAGES — POST-ENTRY HEARINGS.

Entry of a default in an action is not equivalent to an admission as to unliquidated damages; thus, the defaulted party should be allowed to participate in a hearing to determine such damages, and a defendant's participation at such a hearing does not render the default entry void.

3. APPEAL — COURT RULES.

The Court of Appeals construes the court rules so as to provide for the meritorious disposition of cases.

4. NOTICE — DEFAULT JUDGMENTS — COURT RULES.

The notice requirement specified by the court rule prescribing the procedures for the entry of a default judgment is founded on constitutional due process (GCR 1963, 520.2[2]).

5. PLEADING — DEFAULT — ADMISSIONS — CONCLUSIONS OF LAW.

A defendant who defaults in an action does not admit mere conclusions of law which are unsupported by facts alleged in the complaint.

6. DAMAGES — PUNITIVE DAMAGES — EXEMPLARY DAMAGES — BREACH OF COMMERCIAL CONTRACTS.

Punitive damages are awarded solely to punish or make an example of a defendant because of the malice or recklessness with which he acted; exemplary damages are awarded for injury to feelings and for the sense of indignity and humiliation suffered by a plaintiff because of injury maliciously and wantonly inflicted, but neither are awarded for breach of a commercial contract absent special attenuating circumstances, including allegations and proof of tortious conduct existing independent of the breach.

*Warner, Hart, Morgan, Fuzak & Williams,* for plaintiff.

*Joseph & Wolf, P.C.* (by *Jeffrey J. Endean),* for defendant Stevens Van Lines, Inc.

*Jan Paul Benedict & Associates* (by *Frederick J. Blackmond)*, for defendant United Van Lines Worldwide, Inc.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

V. J. BRENNAN, P.J. This case is an appeal from a default judgment against defendants, which awarded plaintiff actual damages, exemplary damages, punitive damages, and attorney fees after a jury trial on the issue of damages alone.

The facts surrounding this case are relatively simple and straightforward. In August, 1977, plaintiff and defendant Stevens contracted to move plaintiff from its Lansing offices to new offices in East Lansing for $1,250. Subsequent to the move, plaintiff determined that some damage had occurred during the move and submitted a claim for $209.50. There then followed a number of telephone exchanges whereby plaintiff claimed that all necessary documentation had been sent, but defendant Stevens claimed that the necessary documents had not been received. Finally, after verification that plaintiff had paid defendant Stevens for the move, the claim was processed. Following this, defendant Stevens sent a check to plaintiff in the amount of $91.20 with an enclosed letter identifying the damage amounts allowed and disallowed. The check indicated that its acceptance would release defendant Stevens from further liability on the claim. However, plaintiff returned the check and initiated the instant civil action in circuit court. The complaint alleged breach of contract, unfair trade practices under the Michigan Consumer Protection Act, unfair insurance practices, fraud, interference with contractual relations, and the intentional infliction of emotional

distress. The relief requested actual damages, exemplary damages, punitive damages, and attorney fees. No specific amount of money was requested. Defendant United Van Lines was joined as a defendant with Stevens based on a principal/agent or joint-venturers relationship.

Defendant Stevens was served on October 10, 1978, and its default entered on November 13, 1978. Defendant United Van Lines was served on December 1, 1978, and its default entered on January 3, 1979. The defaults were based on defendants' failure to appear or otherwise defend. Defendants' motions to set aside the defaults were denied by the trial judge on December 27, 1978, and February 22, 1979, respectively.

At a pretrial conference held on April 23, 1979, it was determined that plaintiff was entitled to have its damages determined by a jury. However, it was also determined that counsel for defendants would be barred from absolute participation in the damages trial because of the defaults entered against them. Thereafter, a jury trial on damages was held. Since the defendants' counsel was barred from any participation in the proceeding, the testimony of plaintiff's witnesses was not subject to any cross-examination, nor were any objections raised as to any testimony, evidence, closing argument, court rulings, or jury instructions. The jury returned a verdict in favor of plaintiff for $505 "direct" damages, $505 exemplary damages, $15,000 punitive damages, and $2,610 for attorney fees.

Defendants raise on appeal the first-impression question of whether a defaulted defendant has any right to participate in a subsequent jury trial on the assessment of damages.[1]

---

[1] Simultaneously with this decision, another panel has reached an

In Michigan, the entry of and judgment by default is controlled by GCR 1963, 520 which provides in pertinent part:

"1. Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * * the person seeking relief or his attorney shall enter the default of that party * * *. Once a default of any party has been duly filed or entered, that party shall not proceed with his case until his default has been set aside by the court in accordance with subrule 520.4.

"2. Judgment. Judgment by default may be entered as follows:

* * *

"(2) By the Court. In all other cases [other than a claim for a sum certain or for a sum which can by computation be made certain] the party entitled to a judgment by default shall apply to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by the constitution."

In the instant case, the plaintiff reasoned and the trial court concurred that the fact that the defaults were not set aside, GCR 1963, 520.1, precluded the defendants' right to participation in the

identical conclusion. *Meyer v Walker Land Reclamation, Inc,* 103 Mich App 526; 302 NW2d 906 (1981).

trial by jury accorded to the parties by GCR 1963, 520.2(2). Defendants, while not directly challenging the court's orders denying their motions to set aside the defaults, reasoned that they still were entitled to participate in the subsequent jury trial to determine the amount of damages. We agree with the defendants.

While neither the industry of counsel nor our own research has resulted in finding any Michigan case which deals with the precise question we are called upon to decide, an examination of the legal consequences of a default lends support to our interpretation of GCR 1963, 520

Entry of a default is equivalent to an admission by the defaulting party as to all well-pleaded allegations. *Smak v Gwozdik,* 293 Mich 185; 291 NW 270 (1940), *Sahn v Brisson,* 43 Mich App 666; 204 NW2d 692 (1972). However, the admission by the defaulting party is an admission as to liability and not an admission as to damages. *Bonnici v Kindsvater,* 275 Mich 304; 266 NW 360 (1936), *Haller v Walczak,* 347 Mich 292; 79 NW2d 622 (1956). The Court, in *Hanover Fire Ins Co of New York v Furkas,* 267 Mich 14, 19; 255 NW 381 (1934), stated the legal distinction thusly:

"In ordinary actions founded on contract or tort the rule seems well established that a default in appearing or pleading admits the right to recover, but not the amount of the damages.

" 'On the assessment of damages in *assumpsit* on a contract of sale, after the default of defendant, the *amount* of the damages alone is in issue; the liability of defendant on the contract being fixed by the default.' *Grinnell v Bebb* (syllabus), 126 Mich 157.

" 'A default in appearing or pleading where the action is in tort or upon an unliquidated claim, while it admits the right to recover, does not admit the amount,

and further proceedings are required to determine the amount of the judgment.' 17 CJ p 1042."

Hence, not having admitted unliquidated damages, it seems apparent that the defaulted party should be permitted to participate in any proceeding under GCR 1963, 520.2(2) whereby the damages are assessed. The amount of the damages is still "at issue". While the defaulted party can in nowise challenge his liability in this proceeding, he should be permitted to participate in the hearing to determine the unliquidated damages. Allowing a defaulted defendant to contest the amount of damages at a jury hearing does not render the entry of default void, for liability is still admitted, but rather better enables a jury to ascertain the truth in assessing damages. This Court will construe the court rules so as to provide for the meritorious disposition of cases. *Penney v Protective National Ins Co,* 24 Mich App 218; 180 NW2d 44 (1970).

Further, we note that our interpretation is consistent with the notice requirement specified by GCR 1963, 520.2(2). This section requires that a defaulted party who has appeared in an action must be given seven days written notice prior to an entry of a default judgment. This Court has previously held that this notice provision is founded on constitutional due process. *Petroff v Petroff,* 88 Mich App 18; 276 NW2d 503 (1979), *Vaillencourt v Vaillencourt,* 93 Mich App 344; 287 NW2d 230 (1979), *lv den* 408 Mich 860 (1980). If a defaulted party has a mandatory constitutional right to be notified of the proceeding, he must have a corresponding right to be heard at the proceeding. To interpret the section otherwise would be to make the notice requirement a mockery.

Finally, we note that our conclusion that a defaulted party should be permitted to participate in any proceeding under GCR 1963, 520.2(2) is supported by legal commentators as well as Federal and outstate decisions. See Anno: *Defaulting defendant's right to notice and hearing as to determination of amount of damages,* 15 ALR3d 586, § 5, p 607, 6 Moore's Federal Practice, ¶ 5507, Default, p 55-96, 47 Am Jur 2d, Judgments, § 1187, pp 206-207, and cases cited therein.

Defendants next contend that the award of punitive and exemplary damages was in error. Before we address this issue, we note that a default means an admission only of matters well pleaded. *Smak, supra.* A defendant by defaulting does not admit mere conclusions of law which are unsupported by the facts alleged in the complaint, *Bonnici, supra.* In the factual situation under consideration we are convinced that the cause of action, well pleaded and hence liability admitted, was for breach of a commercial contract alone.

Accordingly, our next inquiry must be to determine if punitive and exemplary damages are properly awarded for a breach of a commercial contract.

The terms "punitive" and "exemplary" damages have frequently been confused or used interchangeably. However, the focus of the two damages is different. Punitive damages are awarded solely to punish or to make an example of a defendant because of the malice or recklessness with which he acted. *Wronski v Sun Oil Co,* 89 Mich App 11, 27; 279 NW2d 564 (1979), *lv den* 407 Mich 863 (1979), *Ray v Detroit,* 67 Mich App 702, 704; 242 NW2d 494 (1976), *lv den* 397 Mich 828 (1976). Exemplary damages are awarded for injury to feelings and for the sense of indignity and

humiliation suffered by a plaintiff because of injury maliciously and wantonly inflicted. *Ray, supra.* In short, the former focuses on "punishing" the defendant and the latter focuses on "compensating" the plaintiff.

However, neither punitive nor exemplary damages are awarded for a breach of a commercial contract absent special attenuating circumstances not present in the instant case.

The rule as to punitive damages for commercial contracts is that stated in *Caradonna v Thorious,* 17 Mich App 41, 46; 169 NW2d 179 (1969):

> "It is further alleged that the contract was performed in a grossly negligent manner and that the defendants' breach was deliberate and, thus, plaintiffs are entitled to punitive damages. We hold that the allegations in plaintiffs' complaint are insufficient to permit a punitive damage recovery. The complaint does not allege a tort independent of the breach of contract. Punitive damages may not be awarded even for a deliberate breach of contract except under special circumstances rarely present when the contract breached is an ordinary commercial contract * * * [citations omitted]."

In the instant case, we find nothing in the record which takes this commercial contract out of the general rule. Here, plaintiff, a corporate entity, contracted with another corporate entity to move its place of business from Lansing to East Lansing. The contract was purely commercial, and the record discloses no reason to conclude that special circumstances were present. Therefore, the award of $15,000 for punitive damages was erroneous on the claims and facts presented by the plaintiff.

Similarly, the Supreme Court in *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 420-421; 295 NW2d 50 (1980), has set down the general

rule for exemplary damages in commercial contract cases:

"In the commercial contract situation, unlike the tort and marriage contract actions, the injury which arises upon a breach is a financial one, susceptible of accurate pecuniary estimation. The wrong suffered by the plaintiff is the same, whether the breaching party acts with a completely innocent motive or in bad faith.

\* \* \*

"We hold that, absent allegation and proof of tortious conduct existing independent of the breach, [citation omitted], exemplary damages may not be awarded in common-law actions brought for breach of a commercial contract."

Again,. a perusal of the record convinces us that the agreement in the case at bar does not fall outside of this general rule. Hence, the $505 exemplary-damages award was erroneous.

Plaintiff seeks to circumvent the above limitations on contractual damages by claiming contractual interference so as to allege a tort independent of the breach of contract. *Caradonna, supra, Kewin, supra.* However, this tort claim is frivolous and unsupported by any factual allegations. Plaintiff stacks inference upon inference in contending that because defendant handled the claim for $209, rather than defendant's insurer, that defendant either was not insured contrary to its express contractual averment or that, if defendant was insured, it interfered with plaintiff's right to present its claim to the insurer directly, thus tortiously interfering with plaintiffs' contractual relations. Such inferences are speculative and totally unsupported by the record.

For the above reasons, we remand this case to the lower court for a new jury trial on the issue of

damages at which defense counsel will be permitted to participate. Further, plaintiff shall not be permitted to recover punitive or exemplary damages. However, we add parenthetically, the record supports the jury's finding of actual damages of $505. We strongly urge the parties to settle for that amount and save the court the burden of another jury trial.

Reversed and remanded.