CALLENDER *v.* MYERS REGULATOR CO.

1. CONTRACTS—BREACH—CANCELLATION — JUSTIFICATION — PRESUMPTION.

Where, in action for commissions due and loss of profits under sales contract canceled by defendant, no proof was submitted by defendant, court must assume that termination of contract was without justification.

2. DAMAGES—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Measure of damages for breach of sales contract is profits which salesman might have realized had he been permitted to perform.

3. SAME—PROSPECTIVE PROFITS—DIFFICULTY OF ASCERTAINING DAMAGES NO BAR TO RECOVERY.

Difficulty of ascertaining damages caused by breach of contract is no reason for their denial if there can be found in the testimony a reasonably certain basis for computing them; computation with mathematical exactness not being required.

4. SAME—LOSS MUST BE ESTABLISHED—DAMAGES NEED NOT BE SHOWN WITH ABSOLUTE CERTAINTY.

When it appears that plaintiff has sustained a loss through defendant's breach of contract, the law will not insist that, in order to recover, amount of it be shown with absolute certainty; but loss must be established.

5. SAME—DAMAGES PROPERLY DENIED IN ABSENCE OF TESTIMONY FROM WHICH THEY COULD BE DETERMINED.

Where, in action by salesman for breach of sales contract, damages would be amount of commissions less cost of making sales, but there was no testimony from which jury could have determined what said cost probably would have been, recovery was properly denied.

Error to Wayne; Doty (Frank L.), J., presiding. Submitted January 16, 1930. (Docket No. 37, Calendar No. 34,621.) Decided April 7, 1930. Rehearing denied April 24, 1930.

Assumpsit by Frank S. Callender against Myers Regulator Company for commissions due him and loss of profits under a sales contract. From a directed verdict for plaintiff for part of claim only, he brings error. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*Wm. Henry Gallagher,* for defendant.

SHARPE, J. On September 19, 1927, the plaintiff and defendant entered into a written agreement wherein the defendant granted to the plaintiff the exclusive license, with certain exceptions, to sell a device for the raising and lowering of the windows in automobiles, known as the "Myers Regulator," at a stated commission "per regulator." The plaintiff agreed to sell not less than 500,000 regulators the first year, not less than 750,000 the second year, and not less than 1,000,000 the third year "and each year thereafter up to a period of five years from the date thereof." The defendant agreed to pay "all traveling expenses of the said Callender which are necessary and proper in pursuit of business for the said Myers Regulator Company." It also contained the following provision:

"The said Callender agrees to maintain an office in the city of Detroit to be hereinafter known as the sales office of the Myers Regulator Company, and to hire such assistance as is necessary to assist him to carry on the sales work for the said Myers Regulator Company."

Plaintiff established an office and secured certain orders, which were sent to defendant's office. On June 8, 1928, the defendant wrote plaintiff, saying

that his failure to live up to the terms of his contract had embarrassed the company and had jeopardized its existence, and that it would treat the contract as no longer in effect. Soon thereafter, plaintiff began this action in assumpsit to recover commissions due him and expenses incurred by him, and also for estimated loss of profits on future commissions. At the conclusion of the plaintiff's proofs, the trial court, on motion of defendant's attorney, directed a verdict for plaintiff for $2,700 for commissions earned and expenses, and declined to submit to the jury his claim for loss of profits. Plaintiff seeks review of the judgment entered on the verdict by writ of error.

As no proof was submitted by the defendant, we must assume that defendant's termination of the contract was without justification. The measure of plaintiff's damages is the profits which plaintiff might have realized had he been permitted to perform. *Mueller* v. *Mineral Spring Co.*, 88 Mich. 390. The difficulty of their ascertainment is no reason for their denial "if there can be found in the testimony a reasonably certain basis for computing them." *Holton* v. *Monarch Motor Car Co.*, 202 Mich. 271, 275. On an established business they "can often be estimated in the light of the past with a reasonable degree of certainty; but a new business is in the realm of uncertainty and conjecture." *Isbell* v. *Anderson Carriage Co.*, 170 Mich. 304, 317, 318.

If we assume that plaintiff could have performed the contract on his part, and could have sold the minimum number of regulators provided for therein, the amount of his commissions would be an established element of damage. But from this must be deducted the cost of making the sales in order to arrive at his loss of profits. As to this element, it

was said in *Hitchcock* v. *Knights of Maccabees,* 100 Mich. 40, 47 (43 Am. St. Rep. 423): "The rule does not require that such *data* be furnished that they can be computed with mathematical exactness." When it appears that plaintiff has sustained a loss, the law will not insist that the amount of it be shown with absolute certainty. But the loss must be established. If he sustained none by the act of the defendant, there can be recovery of but nominal damages. His profits would be represented by the amount he was entitled to receive from the defendant on sales made by him, less the cost of securing the orders therefor.

The office expenses of the plaintiff while the contract was in force amounted to $1,227.65. The difference between this amount and the commission to which he would be entitled on prospective sales would not be all profit. The cost to him of making such sales must also be deducted. We have read this rather voluminous record with care, and find no proof from which the jury could have determined what such cost would even probably have been. While, as before stated, the *data* submitted need not be such that the cost can be computed with mathematical exactness, it must be such as to form a reasonably certain basis for its computation.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.