SHAPIRO *v.* FYRAC MANFG. CO.

1. MASTER AND SERVANT—CONTRACTS.

Correspondence and telegrams between prospective employer and employee, and acceptance by each, *held*, to constitute contract of employment.

2. FRAUDS, STATUTE OF—MASTER AND SERVANT—CONTRACTS.

Contract of employment contemplating three-year term, which was accepted by both parties, was sufficiently definite as to term to satisfy statute of frauds, although minor details were open to modification.

Appeal from Wayne; Chenot (James E.), J. Submitted April 12, 1932. (Docket No. 82, Calendar No. 36,386.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Assumpsit by Louis J. Shapiro against Fyrac Manufacturing Company, a foreign corporation, on a contract of employment. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Chawke & Sloan* (*Walter E. Kelly* and *Leonard C. Lendzion,* of counsel), for plaintiff.

*Clark, Klein, Ferris & Cook* (*Sydney A. Jacobs* and *Roy F. Hall,* of counsel), for defendant.

FEAD, J. This is an action for breach of a three-year contract of employment. The court directed a verdict for defendant on the ground that the contract was void under the statute of frauds (3 Comp. Laws 1929, § 13417), because it did not specify the period of its duration.

The contract consists of a series of letters and telegrams. Defendant, located at Rockford, Illinois, advertised for a sales manager. Plaintiff, living and employed in Detroit, answered the advertisement. Extended correspondence ensued, and, with personal interviews, resulted in plaintiff resigning his position, arranging to sell his home in Detroit and to move to New York, and in his finally going to Rockford to enter on his employment. When he arrived at Rockford, a new and different proposition was submitted to him by defendant, which he refused to accept. Plaintiff was paid his expenses and four days' compensation.

Negotiations began in February, 1924. On April 22d, plaintiff was offered the New York district. On April 23d, he wrote defendant asking the amount of his drawing account and other information, stated that he did not want to leave his employment without definite assurance of a permanent connection, and suggested that defendant send him the kind of contract under which it wanted him to operate. April 30th, defendant wrote plaintiff full details of the proposition, as to territory, commissions for plaintiff and agents, offered drawing account of $150 per week, and;

"As to length of contract, that is entirely up to you. This is a long established and going concern and we can assure you any producer a permanent connection."

May 2d, plaintiff asked for a drawing account of $200 per week, and, after again urging the necessity of permanency in the employment, stated:

"I would therefore suggest a three-year contract, with a renewal of same at the end of such time, should I prove myself as real producer."

May 12th, defendant telegraphed plaintiff:

"At the end of 30 days' service with us we will be glad to increase your drawing account to $200 weekly."

May 12th, plaintiff replied:

"Wire received and offer accepted."

May 13th, defendant wrote plaintiff that it would notify him of the time and place to report, and,

"When we wire you the above information, you can notify your company and we will be able to use you as soon as you obtain your release."

May 19th, defendant wired plaintiff:

"You may report to Rockford as soon as you can obtain your release please advise us early as possible definite date you can come with us."

Plaintiff resigned his position, listed his home for sale, notified defendant, and the latter wrote him on June 10th:

"We are very glad that you will be able to report in Rockford on June 20th and we will be expecting you at that time."

On June 21st, defendant telegraphed plaintiff:

"Impossible to see you Monday arrange to arrive Rockford Tuesday."

The matter of a definite term of employment was an outstanding element of the negotiations. Defendant's failure to object to plaintiff's proposal of a three-year term, although making a counter proposal to that suggested in the same letter by plaintiff as to a drawing account, shows that the term was satisfactory to it. The term was as much a part of the tentative contract as any of the other conditions.

Plaintiff accepted the whole contract set up in the letters, by his telegram of May 12th, and defendant accepted it in writing by the letter and telegrams directing plaintiff to report for the employment.

It also appears from the proposition presented to plaintiff on his arrival at Rockford that the minds of the parties had met upon the three-year term. That proposition was drafted by defendant, expressly confirmed the letters and telegrams of April 30th, May 12th (evidently meaning May 2d), May 19th, and June 10th, and, while it proposed certain modifications in the drawing account and in commissions, it made no suggestion of change as to duration of the employment.

We think the correspondence was consistent and complete upon the terms of a contract, contained acceptances in writing by both parties, and presented a case for the jury.

Judgment will be reversed, and new trial ordered, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. BUTZEL, J., did not sit.