SHAPIRO *v.* FYRAC MANFG. CO.

CONTRACTS—BREACH—DAMAGES—MEASURE OF DAMAGES—BURDEN OF
PROOF.

> In action for damages for breach of contract of employment,
> where plaintiff's compensation was to have been on com-
> mission basis but it was agreed that he should have drawing
> account of certain sum per week, he had burden of proving
> probable expense to him of performance, even if said drawing
> account is to be taken as guaranty of minimum commissions,
> and in absence of proof as to said expense he is not entitled
> to recover.

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted June 14, 1933. (Docket No. 91, Calendar
No. 37,240.) Decided August 29, 1933. Rehearing
denied October 19, 1933.

Assumpsit by Louis J. Shapiro against Fyrac
Manufacturing Company, a foreign corporation, on
a contract of employment. From directed verdict
and judgment for an alleged insufficient amount,
plaintiff appeals. Affirmed.

*Chawke & Sloan* (*Walter E. Kelly* and *Leonard
C. Lendzion,* of counsel), for plaintiff.

*Clark, Klein, Ferris & Cook* (*Roy F. Hall* and
*Sydney A. Jacobs,* of counsel), for defendant.

FEAD, J. In 1924, by means of many letters and
telegrams, defendant contracted to employ plaintiff
for three years, as district sales manager to organ-
ize and direct a sales force of eight or more men
in the vending of spotlights. See 259 Mich. 242.
Defendant having prevented performance of the
contract by him after a few days' work, plaintiff

brought this action for damages.  The court directed a verdict for plaintiff for his expense in moving from Detroit to Boston and directed a verdict against him on his claim for loss of earnings.  Plaintiff reviews.

Plaintiff's compensation was to have been on a commission basis.  It was agreed that he should have a drawing account of $150 per week the first month, and $200 per week thereafter, commissions to be credited against the drawing account.  Plaintiff presented no evidence of commissions he probably would have earned had be been permitted to perform.  He urges that the drawing account was a guaranty of minimum commissions.  He adduced no testimony of the possible or probable cost to him of performance.  He argues that, because he was prevented from performing, it will be presumed that he would have earned enough commissions to pay expenses in addition to the drawing account.  No authority is cited to support such presumption.

Assuming that the testimony sufficiently supports plaintiff's theory of the drawing account as a guaranty of minimum commissions, to justify its submission to the jury, the failure to show the probable expense of performance left the jury without a basis for a net result of damage to plaintiff, except from pure speculation.

Plaintiff had the burden of proof of both items of his net loss, probable earnings, and expense.  Having failed to show the latter, he is not entitled to recover.  *Callender* v. *Myers Regulator Co.,* 250 Mich. 298.

Judgment affirmed.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred.  BUTZEL, J., did not sit.