SHAPIRO *v.* FYRAC MANUFACTURING CO.

1. Costs—Judgment.

Judgment, including costs, in circuit court closes matter of costs as of its date, if judgment is affirmed on appeal.

2. Same—Appeal and Error.

Appellee is entitled to costs where judgment is affirmed on appeal (3 Comp. Laws 1929, § 15450).

3. Same—Court Rules—Bonds.

Court Rule No. 5, § 7 (1933), providing that reasonable cost of procuring bond required by law shall be part of taxable costs of case, unless otherwise ordered by court, merely designates an item of costs but does not determine party entitled thereto.

4. Same—Bonds.

Appellee is entitled to tax cost of bond to release garnishment from time of judgment in circuit court in such amount as was in excess of twice amount of judgment where it is affirmed on appeal (3 Comp. Laws 1929, § 14900).

Assumpsit by Louis J. Shapiro against Fyrac Manufacturing Company, a foreign corporation, on a contract of employment. On motion for retaxation of costs. Submitted November 21, 1933. (June, 1933, Docket No. 91, Calendar No. 37,240.) Costs ordered retaxed December 5, 1933.

*Chawke & Sloan,* for plaintiff.

*Clark, Klein, Ferris & Cook,* for defendant.

### Retaxation of Costs.

Per Curiam. This is appeal from taxation of costs by the clerk. The item objected to is the premium for five years on a surety bond of $20,000 given by defendant to release garnishments and which was taxed in favor of defendant under Court Rule No. 5, § 7 (1933), on the ground that the sums impounded were excessive.

Plaintiff claimed damages of $100,000 on two items. He had directed verdict and judgment for $766.09 on one item and verdict was directed against him on the other. He appealed and the judgment was affirmed, 264 Mich. 280.

As plaintiff had judgment, including costs, in circuit court, the matter of costs to that date thereby became closed. Defendant, having prevailed on the appeal, is entitled to costs of this court (3 Comp. Laws 1929, § 15450), which means subsequent to judgment. Court Rule No. 5, § 7 (1933), affects only the items taxable, not the right of a party to costs.

Obviously part of the garnishment bond was necessary to protect plaintiff's judgment during the appeal. Defendant is entitled to tax the cost of bond

only from the time of judgment in circuit court and in such amount as was in excess of double the amount of the judgment. 3 Comp. Laws 1929, § 14900.

The facts to permit the computation are not in the record before us and the matter will be referred to the clerk for retaxation in accordance with this opinion.