## BENFIELD *v.* H. K. PORTER COMPANY, INC.

1. TRIAL—REOPENING PROOFS.
   Trial court, vested with discretion in the matter of reopening proofs, committed error in so doing in action for damages for breach of contract, where plaintiff made no motion to do so and the effect of such action was to require defendant to prove the plaintiff's case.

2. CONTRACTS—BREACH—DAMAGES—BURDEN OF PROOF.
   Burden of proof to show damages is on the plaintiff in an action for breach of contract.

3. SAME—MITIGATION OF DAMAGES—BURDEN OF PROOF.
   Defendant has the burden of showing mitigation of damages claimed in action for breach of contract.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 123 *et seq.*
[2, 4] 22 Am Jur 2d, Damages § 296 *et seq.*
[3] 22 Am Jur 2d, Damages § 297.
   Presumption and burden of proof regarding mitigation of damages. 134 ALR 242.

4. SAME—MANUFACTURER'S SALES REPRESENTATIVE—BREACH—BUR-
DEN OF PROOF—PROFITS—DIRECTED VERDICT.

> Plaintiff in action for breach of contract as sales representative
> for defendant manufacturer of electrical products had burden
> of proving damages, which were profits, necessitating that he
> show not only the average monthly commissions earned, but
> also the expenses saved by not performing the contract, or to
> affirmatively prove there were no expenses saved by defendant's
> termination of the contract, and where he had not shown the
> profits at time defendant interposed motion for directed verdict,
> such motion should have been granted.

Appeal from Wayne; Piggins (Edward S.), J.
Submitted Division 1 June 9, 1965, at Detroit.
(Docket No. 274.) Decided October 18, 1965. Leave
to appeal granted by Supreme Court January 11,
1966. See 377 Mich 696. Cause dismissed with
prejudice pursuant to stipulation, March 11, 1966.

Declaration by Jack Benfield, doing business as
Benfield-Detroit Company, against H. K. Porter
Company, Inc., a Pennsylvania corporation, for
breach of an oral contract to employ plaintiff. Ver-
dict and judgment for plaintiff. Defendant appeals.
Reversed and remanded with instructions for entry
of directed verdict of no cause of action.

*Wells & Hocking* (*John R. Hocking,* of counsel),
for plaintiff.

*Miller, Canfield, Paddock & Stone* (*Allen Schwartz,*
of counsel), for defendant.

BURNS, J. Plaintiff-appellee instituted this action,
seeking damages for breach of an oral contract, al-
leging that defendant did not give the required
60-day notice of termination of said contract. Plain-
tiff-appellee is a sales representative, defendant-
appellant a manufacturer of electrical products.
The jury awarded damages to plaintiff-appellee in
the amount of $8,929.34. Appellant is not contesting

the evidence of an oral contract, but alleges error as to determination of the measure of damages.

On June 25, 1958, appellee contracted with Bennett Associates, the exclusive sale agents for National Electric Products Company, to be sales representative for National in Michigan, and parts of Ohio and Indiana. Subsequently, appellee was notified that National was negotiating to sell its business to appellant, and on January 21, 1959, appellant's agent offered appellee an oral contract with a 60-day termination provision, which appellee accepted; the agent indicating to appellee that he would try to do better on a permanent contract.

On February 2, 1959, appellant acquired the assets of National, at which time appellee's contract with Bennett Associates was terminated. On February 20, 1959, appellant sent appellee an offer of a contract as sales agent, to which appellee replied with a counter-offer, and on March 12, 1959, appellant terminated its relationship with appellee, agreeing to pay him for orders invoiced to March 31, 1959, which was done.

At trial, the court denied appellant's motion for a directed verdict, saying appellee testified he lost an average monthly commission of $5,400 for two months, and there being no cross-examination to show whether there were any expenses against it, the damages were not speculative. The court further stated that the burden was upon appellant to show that the average monthly commissions were not all profit and allowed appellant to reopen proofs to go into the matter of expense.

On appeal, the appellant claims that the trial judge erred in ruling that the appellee had proved damages by merely showing past average monthly commissions, and that the correct measure of damages was prospective profits, namely commissions less ex-

penses not incurred in the performance of the contract.

Appellant, among other contentions, claims that the trial court erred in reopening proofs. We find the Supreme Court said in *People, for the use and benefit of E. P. Brady & Co.,* v. *Gilliland* (1958), 354 Mich 247, 253:

"We are committed to the position that a reopening of the proofs upon plaintiff's motion is a matter within the sound discretion of the trial court. * * * See 53 Am Jur, Trial, § 124; *cf., Irwin* v. *Meese* [1949], 325 Mich 344."

A reading of the transcript indicates that after the defendant renewed his motion for directed verdict the plaintiff did not move the court to reopen proofs, and further that the court conjectured that the plaintiff would not want this to be done. The court, assuming at this point that it was the duty of the defendant to show mitigation of damages, indicated that it would allow the reopening of proofs for the cross-examination of the plaintiff as to the matter of reduced expenses. Further, the transcript reveals that Mr. Hocking, attorney for the plaintiff, did not want proofs reopened. We find under these circumstances that the trial court erred in reopening proofs as plaintiff did not make a motion for same, and the effect of the trial court's action was to require the defendant to prove the plaintiff's case.

It has long been the general rule of Michigan that in an action for breach of contract the burden is upon the plaintiff to show damages, *Callender* v. *Myers Regulator Co.* (1930), 250 Mich 298; and upon the defendant in such an action to show mitigation of damages claimed, *Reinardy* v. *Bruzzese* (1962), 368 Mich 688.

The question of proving profits in the instant case, namely commissions less expenses not incurred, was confused by the trial court with the principle of law

governing the mitigation of damages. It is true as stated in *Reinardy* v. *Bruzzese, supra,* that the burden of proof as to mitigation of damages lies with the defendant. However, the question of profits does not fall within this category. The question of proving profits is an essential element of plaintiff's claim of damages, and thus it is the burden of the plaintiff to show not only the average monthly commissions earned, but also to show the expenses saved by not performing the contract, or to affirmatively prove there were no expenses saved by the termination of the sales agency contract. Also, see *Shapiro* v. *Fyrac Manfg. Co.* (1933), 264 Mich 280, and *Mount Ida School for Girls* v. *Rood* (1931), 253 Mich 482 (74 ALR 1325).

In the present case the measure of damages is commissions less expenses not incurred. The burden of proving damages is upon the plaintiff-appellee. Yet plaintiff offered only the average monthly commissions computed by adding the previous nine months' commissions and dividing this by nine. Only by cross-examination did the defendant elicit from plaintiff that the expenses were reduced by the dismissal of one salesman and one secretary because of the decrease in business caused by the cancellation of the contract with defendant-appellant. We find that there was not sufficient testimony on the record at the close of plaintiff's proofs to warrant submission of plaintiff's case to a trier of the facts.

Judgment reversed. Trial court is hereby directed to grant defendant's motion and enter a directed verdict of no cause of action. Costs to appellant.

LESINSKI, C. J., and WATTS, J., concurred.