ISAGHOLIAN v CARNEGIE INSTITUTE OF DETROIT, INC.

1. Contracts—Employment Contracts—Breach—Damages—Lost Wages.

Damages generally are limited to the amount of wages lost where employment contracts are breached.

2. Contracts—Breach—Damages—Mental Anguish.

Mental anguish is a proper element of damages when the contract which is breached is not purely commercial but is rather personal in nature and intimately bound up with matters of mental concern and solicitude.

3. Contracts—Breach—Damages—Mental Suffering.

A prerequisite for recovery for mental suffering in a breach of contract action is that there be not an "iota of the commercial" in the agreement sued upon.

4. Contracts—Breach—Punitive Damages.

Punitive damages are not ordinarily recoverable for a breach of contract; where they have been allowed there has been a showing that "the defendant acted recklessly, negligently, or maliciously".

5. Contracts—Employment Contracts—Breach—Damages—Lost Wages.

The proper measure of damages for breach of an employment contract is the wages lost by an employee due to his premature discharge by his employer.

Appeal from Wayne, Halford I. Streeter, J. Submitted Division 1 December 5, 1973, at Detroit. (Docket No. 14692.) Decided January 15, 1974. Leave to appeal denied, 392 Mich —.

Compiaint by Leon Isagholian against the Carnegie Institute of Detroit, Inc., for damages for

References for Points in Headnotes

[1, 5] 53 Am Jur 2d, Master and Servant §§ 14–70.
[2–4] 17 Am Jur 2d, Contracts §§ 294, 297, 365, 428–430, 441–447.

breach of an employment contract and for slanderous statements. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded for a new trial.

*Poole, Klask & Carty* (by *Paul T. Jansen*), for plaintiff.

*Yoe, Casey & Moore,* for defendant.

Before: V. J. BRENNAN, P. J., and QUINN and CARLAND,* JJ.

CARLAND, J. Plaintiff was hired by defendant on April 1, 1968 to teach courses in chemistry and microbiology. Through a series of negotiations, the term of such employment was extended to September 20, 1969. On August 29, 1969, plaintiff was discharged. Claiming the discharge to be a breach of the contract of employment, plaintiff seeks damages arising from the breach and also for slanderous statements made by defendant's agent concerning plaintiff on September 2, 1969 when plaintiff attempted to return to work. From a jury verdict in favor of plaintiff in the amount of $50,000, defendant appeals as of right. For reasons hereinafter set forth, we reverse.

The issue upon which we reverse is based upon the instructions of the trial judge in which the jury was charged that in an action for breach of contract the damages recoverable not only included the wages lost but all consequential damages flowing from the wrongful discharge. If the words used, as they appear in the record, said anything, the way in which they were arranged erroneously advised the jury as to the rules to be

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

followed in arriving at a verdict as to this aspect of the claimed damages.

The general rule is that where employment contracts are breached, damages are limited to the amount of wages lost. *Benfield v H K Porter Co, Inc,* 1 Mich App 543; 137 NW2d 273 (1965); 11 Williston on Contracts (3d ed), § 1358, pp 301–306.

However, mental anguish is a proper element of damages when the contract is not purely commercial but is rather personal in nature and intimately bound up with matters of mental concern and solicitude. Examples of such contracts are breaches of a promise to marry, *Vanderpool v Richardson,* 52 Mich 336; 17 NW 936 (1883), and breaches of contract to deliver a baby by Caesarean section, *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957). The latter case indicates that a prerequisite to recover for mental suffering in contract actions is that there not be an "iota of the commercial" in the agreement sued upon. Nothing in the case at bar is either averred or proved which sets the contract here involved apart from any other hiring agreement.

Punitive damages are not ordinarily recoverable for breach of contract. 5 Corbin on Contracts, § 1077, pp 437–446; 11 Williston on Contracts (3d ed), § 1358, pp 301–306; 1 Restatement Contracts, § 342, p 561. In those contract cases where punitive damages have been allowed there has been a showing that "the defendant acted recklessly, negligently, or maliciously". *Harbaugh v Citizens Telephone Co,* 190 Mich 421, 428; 157 NW 32, 34 (1916). No malice was alleged or proved. Therefore the charge that punitive damages were allowable was erroneous.

We find no error in the judge submitting the question of slander to the jury nor in the instruc-

tions as to special damages regarding slander. In view of our decision in this matter, we do not rule on the question raised as to the weight of the evidence.

The proper measure of damages for breach of contract is the wages lost by plaintiff due to his premature discharge by the defendant. Because from the verdict we are unable to separate the damages awarded for breach of contract and those awarded for slander, the case is reversed and remanded for new trial.

All concurred.