**Clyde FISHER, Plaintiff,**

v.

**GENERAL TELEPHONE COMPANY OF the NORTHWEST, INC., a wholly owned subsidiary Washington Corporation of General Telephone & Electronics, Inc., Defendant.**

**No. 78–40030.**

United States District Court,
E. D. Michigan, S. D.

Dec. 8, 1980.

Kenneth Guinn Harlan, Detroit, Mich., for plaintiff.

Mark F. Sullivan, Muskegon, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

### NEWBLATT, District Judge.

This is a breach of employment contract action brought under 28 U.S.C. § 1332 on the basis of diversity of citizenship. Plaintiff asserts that on or about March 22, 1973, Defendant General Telephone Company of the Northwest, through General Telephone Co. of Michigan, offered the Plaintiff employment as an equipment installer in its Wenatchee, Washington Orbit Area, subject only to his reporting for work on or before April 16, 1973. Plaintiff further asserts that the offer was the result of an inter-corporate transfer request that Plaintiff had previously filed in which Plaintiff indicated that he wanted a position out West because he had relatives in that general area of the country and because he felt that he would ultimately like to retire there. Plaintiff asserts that his acceptance of the offer was communicated to the Defendant and that Plaintiff made several changes in reliance upon the offer. Plaintiff claims that subsequent to his arrival in Washington within the proper time frame, he was told there was no job for him there, thus necessitating his return to Michigan. Plaintiff claims he suffered injury including contractual and personal damages and losses, and emotional distress and mental anxiety. Defendant alleges that upon reporting to his future work station in Washington, Plaintiff expressed substantial concern about the rate of pay and that Plaintiff repudiated said contract. Furthermore, in the event a breach of contract is established by Plaintiff, Defendant contends Plaintiff may not recover for mental anguish or emotional damages.

The case is before this Court on Defendant's motion for partial summary judgment or motion in limine. The issue concerns the availability of damages for mental anguish or emotional distress.[1]

Defendant seeks to dismiss Plaintiff's claims for such damages claiming that as a matter of law, such damages are not recoverable since the contract was not personal, did not involve matters of mental solicitude, and that such damages were neither contemplated by the parties nor would they arise naturally from a breach of such a contract.

---

1. The matter was originally raised by way of Plaintiff's motion for reconsideration of Judge Harvey's earlier ruling concerning the jurisdictional amount. While Judge Harvey held such damages were not available, he went on to find the jurisdictional amount by virtue of Plaintiff's claim for lost wages and consequential damages. In considering Plaintiff's motion for reconsideration, this Court characterized Judge Harvey's findings with respect to mental anguish or emotional distress damages to be dicta since they were incidental to his consideration of the jurisdictional question. Thus, Defendant was given leave to raise the issue by way of motion for partial summary judgment. *See* Opinion dated 7/21/78.

It should also be noted that Judge Harvey's decision was rendered before the decision in *Kewin v. Massachusetts Mutual Life Ins. Co.*, 409 Mich. 401, 295 N.W.2d 50 (1980), was rendered thereby making "reconsideration" of the damages question proper. This Court is reluctant to reconsider orders rendered by its predecessor unless changed circumstances or law make such reconsideration appropriate or unless the decision appears incorrect on its face.

The recent Michigan Supreme Court decision of *Kewin v. Massachusetts Mutual Life Ins. Co.*, 409 Mich. 401, 295 N.W.2d 50 (1980), is the crucial Michigan decision in this area of the law, and as a federal court with diversity jurisdiction, this court is compelled to follow it.[2] Accordingly, the parties have directed their attention to the standards set out in that case.

The parties agree that according to *Kewin*, there is generally no recovery for mental distress damages for a breach of a commercial contract. At the same time however, an action brought under *Hadley v. Baxendale*, 9 Exch. 341 (1854) is regarded as an exception to the general rule. Under *Hadley*, the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made. The parties disagree however, as to the nature and application of that exception.

Defendant contends that unless the "within the contemplation of the parties" language of the *Hadley* exception is given a limited reading, the exception allowing mental distress damages will swallow the general rule precluding such damages. Thus, Defendant argues that in order to give meaning to *Kewin*, the courts must require that a commercial contract show an express and clear assumption of such liability before damages for mental anguish or emotional distress may be claimed or awarded. Defendant cites various cases indicating that the "parties should expressly provide for such enlarged responsibility," *McKinnon v. McEwan*, 48 Mich. 106, 109, 11 N.W. 828 (1882); that there must be "something in the terms of the contract which shows intention to assume ... a wider responsibility," *Cuddy v. Major*, 12 Mich. 368, 369–370 (1864). *See also Isagholian v. Carnegie Institute of Detroit, Inc.*, 51 Mich. App. 220, 214 N.W.2d 864 (1974). Defendant contends that no such contemplation can be claimed here and that Defendants are therefore entitled to summary judgment and Plaintiff should not be permitted to make such claims to the jury.

Plaintiff on the other hand contends that his claim satisfies the *Hadley v. Baxendale* exception and that this Court cannot as a matter of law preclude the jury from evaluating Plaintiff's claim and assessing the reasonableness of his damages.

First, it should be noted that Plaintiff concedes that the alleged contract is commercial in nature. *See* Plaintiff's supplemental memorandum in response to motion for summary judgment. Plaintiff's contentions that he had personal reasons for requesting a transfer and that his motivation was not purely economical go to the applicability of the *Hadley v. Baxendale* exception discussed earlier, but do not take the contract out of the analysis set forth in *Kewin* for commercial contracts. Thus the *Kewin* decision is clearly applicable.

With respect to his claims of notice of Plaintiff's personal reasons, it is conceded by Defendant that Plaintiff made some reference to these reasons in this Inter-Corporate Transfer request form which was sent to Defendant and that Plaintiff made further indications by way of a phone call placed by Plaintiff from General Telephone headquarters in Coeur D'Alene, Idaho, while en route to Washington, as well as upon his arrival in Whenatchee, Washington.[3]

Next, while it is clearly established that Defendant made an offer of employment to

---

**2.** The parties have agreed that Michigan rather than Washington law is controlling.

**3.** In this Inter-Corporate Transfer Request, Plaintiff stated that he wished to relocate in Washington "for family reasons and personal interests" and further stated "members of my family live in the Northwest—have been making regular yearly visits into the area for the past eight years. Desire to spend my future (Company-wise and personal-wise) in the Northwest USA." In his deposition, Plaintiff testified he communicated to his second line supervisor that he had a brother in the Seattle area. (*See* Deposition of Mr. Fisher, p. 18). The portion of the Inter-Corporate transfer request completed by the department manager reflects brief consideration of the effect of the transfer on the company and the individual and recommends that the request be granted.

the Plaintiff,[4] the questions of when that offer was accepted and thus precisely when or whether a contract was formed remain unresolved questions of fact. At the in-chambers hearing on this motion Defendant argued that no contract was ever formed since Plaintiff repudiated it upon arrival, or in the alternative that a contract was formed by the offeree when he left for Washington. With respect to the latter position, Defendant argues that at the time of the formation of the contract, the Defendant had only the information contained in the Inter-Corporate transfer request. Plaintiff takes the position that acceptance of the contract was communicated to the Defendant on several occasions, i. e., when Plaintiff completed the request, when he arrived in Idaho and when he arrived in Wenatchee.

This Court need not determine whether and/or at what point in time an employment contract was formed between the parties. The Court need only decide—whether damages for mental distress or exemplary damages would be recoverable if the existence and breach of such a contract were established. This Court concludes as a matter of law that such damages would not be recoverable. Under the clear rule of *Kewin*, the damages recoverable are those that arise naturally from the breach or which can reasonably be said to have been in the contemplation of the parties at the time the contract was made.

It cannot be claimed that damages due to mental distress arise naturally from the breach of alleged employment contract or by virtue of being within the contemplation of the parties per *Hadley v. Baxendale.*

Plaintiff places substantial reliance on the assertions made in his Inter-Corporate transfer request. At best, this request establishes that such damages were contemplated by Plaintiff[5] or perhaps that the parties had some notice of the potential for such injuries. The mere fact that Defendant read such request and was aware of the motivations for the request on the part of Plaintiff does not establish that damages for mental distress in the event of a breach of the contract were contemplated by the parties. Nor do the representations made by phone or upon arrival satisfy this requirement.[6] Furthermore, even if Plaintiff were able to prove Defendant granted the transfer based on those representations, this would not establish the necessary "contemplation" of the parties. Motivation for entering into the contract must be distinguished from a term of the contract itself.[7] The Defendant's accommodation of Plaintiff's desire to be near his family cannot later be transformed into a duty to insure Plaintiff's peace of mind, tranquility and family togetherness. Thus, as in *Kewin*, this is simply a claim for a violation of a promise to perform the agreement—that is to give Plaintiff a job in Washington. There was simply no indication that the potential impact of the breach of the contract on the mental solicitude of the Plaintiff was in the contemplation of both parties. Absent a showing that the parties contemplated such damages, a claim for compensation for mental anguish or exemplary damages cannot be made. This Court holds that taking the facts in the light most favorable to the Plaintiff, Plaintiff cannot make such a showing as a matter of law.

---

4. *See* letter from Defendant to Plaintiff Exhibit A of Fisher Deposition. The letter was authenticated on p. 9 of deposition.

5. Thus the Court assumes a contract was formed at the earliest possible point.

6. Even if the Court were to assume a contract was formed at those points in time.

7. The Court notes however that there is some doubt as to whether accommodation of Plaintiff's request could be an enforceable term of the contract. It is basic contract law that there

must be bargained for consideration in order for a contract to be enforceable. Here, there is no claim that Defendant benefited or was to benefit in any way by having Plaintiff transfer to its location in Washington. In fact, with respect to the effect on the company, it was anticipated that Plaintiff would "perform the same way" at the requested location and that with respect to the Plaintiff, the transfer would satisfy Plaintiff's "basic needs . . . and allow more time to develop job and personal abilities." *See* fn 3 supra.

Partial summary judgment in favor of Defendant is hereby GRANTED.

IT IS SO ORDERED.