VALENTINE v GENERAL AMERICAN CREDIT, INC

Docket No. 61900. Submitted November 2, 1982, at Detroit.—Decided February 25, 1983. Leave to appeal applied for.

Sharon Valentine filed suit against General American Credit, Inc., in Wayne Circuit Court for damages for breach of an alleged implied employment contract. The court, Harold M. Ryan, J., granted summary judgment for defendant on that part of plaintiff's claim requesting punitive and exemplary damages for breach of contract and on plaintiff's claim for damages for intentional infliction of emotional distress, holding that Michigan law precludes the award of these types of damages sought for breach of an employment contract. Plaintiff appeals. *Held:*

1. Exemplary damages may not be awarded in common-law actions brought for breach of a commercial contract absent allegation and proof of tortious conduct existing independent of the breach. Plaintiff alleged no tortious conduct independent of the breach and has failed to state any facts to make her employment contract a personal, rather than a commercial, contract. Thus, plaintiff's complaint does not state a claim upon which exemplary damages may be awarded.

2. Plaintiff's complaint alleged no facts on which a court could find that, in making her specific employment contract, the parties contemplated that mental distress damages would be caused by its breach. Thus, even if Michigan recognizes a tort action for the intentional infliction of emotional distress, plaintiff's complaint fails to state such a claim.

Affirmed.

J. H. GILLIS, J., dissented. He would hold that plaintiff's employment contract involved important ·personal rights and

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 245.

[2, 4] 22 Am Jur 2d, Damages §§ 55, 56.

[3, 4] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 33.

[5, 8] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 35.

[6, 9] 22 Am Jur 2d, Damages §§ 197, 237.

38 Am Jur 2d, Fright, Shock, and Mental Anguish § 53.

[7] 22 Am Jur 2d, Damages § 238.

dignities sufficient to bring the contract into the realm of a personal contract, to which mental distress damages may be applied. He would also hold that the trial court properly granted summary judgment as to plaintiff's claim for punitive damages but erred in granting summary judgment on plaintiff's claim for exemplary damages. He would affirm the judgment as to the claim for punitive damages, reverse it in all other respects and remand for trial.

### OPINION OF THE COURT

1. DAMAGES — EXEMPLARY DAMAGES — CONTRACTS.

Exemplary damages may not be awarded in a common-law action for breach of a commercial contract absent allegation and proof of tortious conduct existing independent of the breach.

2. DAMAGES — CONTRACTS — BREACH — ELEMENTS OF DAMAGE.

Damages recoverable for breach of contract are limited to those that arise naturally from the breach or that were in the contemplation of the parties at the time the contract was made.

3. DAMAGES — CONTRACTS — BREACH — MENTAL DISTRESS.

Damages for mental distresss generally cannot be recovered for breach of a contract.

### DISSENT BY J. H. GILLIS, J.

4. DAMAGES — CONTRACTS — BREACH.

*The damages recoverable for the breach of a contract are those damages that arise naturally from the breach, or which can reasonably be said to have been in contemplation of the parties at the time the contract was made; where the contract is commercial in nature, damages are limited to the monetary value of the contract had the breaching party fully performed under it, and mental distress damages are not recoverable.*

5. DAMAGES — CONTRACTS — BREACH — MENTAL DISTRESS.

*Mental distress damages are recoverable for breach of contract where the contract is not primarily commercial in nature but, rather, involves rights we cherish, dignities we respect, or emotions recognized by all as both sacred and personal.*

6. DAMAGES — PUNITIVE DAMAGES — EXEMPLARY DAMAGES.

*Punitive damages are awarded solely to punish or make an example of a defendant because of the malice or recklessness with which he acted; exemplary damages, on the other hand, are awarded to compensate the plaintiff for injuries to feelings*

*and for the sense of humiliation and indignity because of injury
maliciously and wantonly inflicted.*

7. DAMAGES — PUNITIVE DAMAGES — PROHIBITIONS.
   *Michigan law prohibits an award of punitive damages.*

8. DAMAGES — CONTRACTS — EMPLOYMENT CONTRACTS — BREACH —
   EXEMPLARY DAMAGES.
   *An employment contract, the breach of which may encompass
   injury to feelings which cannot be measured by reference to the
   terms of the contract alone, may be considered a personal
   contract for purposes of awarding exemplary damages.*

9. DAMAGES — MENTAL DISTRESS DAMAGES — EXEMPLARY DAMAGES.
   *Both mental distress damages and exemplary damages are in-
   tended to compensate for injured feelings; since both are in-
   tended to compensate for the same injury, an award of both
   exemplary and emotional distress damages constitutes an im-
   proper recovery for an identical wrong.*

*Keller, Katkowsky & Golden, P.C.* (by *Joseph A.
Golden*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *Milton Lucow*), and *Gromek, Bendure &
Thomas* (by *Daniel J. Wright*), of counsel, for
defendant on appeal.

Before: BRONSON, P.J., and V. J. BRENNAN and
J. H. GILLIS, JJ.

PER CURIAM. Plaintiff appeals the grant of sum-
mary judgment on two elements of her claim for
damages.

Plaintiff sued defendant for damages for breach
of an alleged implied employment contract. The
trial court granted a summary judgment for defen-
dant on that part of plaintiff's claim requesting
punitive and exemplary damages for breach of
contract. It also granted a summary judgment on
plaintiff's second count, a claim for damages for
intentional infliction of emotional distress. It held

that Michigan law precludes the award of these types of damages sought for breach of an employment contract.

We are fortunate in that the principles of law to be applied here are clearly delineated in the Supreme Court's opinion in *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980). Although that case involved damages arising out of nonpayment of insurance benefits under a disability income protection policy, we believe that the principles found to bar the relief sought in *Kewin* also bar the relief sought here.

In *Kewin,* the Court held that exemplary damages are normally not available for breach of a contract:

"Our review of the precedent *[sic]* indicates that those cases which permit recovery of exemplary damages as an element of damages involve tortious conduct on the part of the defendant. See, *e.g., McFadden v Tate,* 350 Mich 84; 85 NW2d 181 (1957) (assault and battery); *Scripps v Reilly,* 38 Mich 10 (1878) (libel); *Welch v Ware,* 32 Mich 77 (1875) (assault and battery). An award of exemplary damages is considered proper if it compensates a plaintiff for the 'humiliation, sense of outrage, and indignity' resulting from injuries 'maliciously, wilfully and wantonly' inflicted by the defendant. *McFadden, supra,* 89. The theory of these cases is that the reprehensibility of the defendant's conduct both intensifies the injury and justifies the award of exemplary damages as compensation for the harm done the plaintiff's feelings.

"In cases involving only a breach of contract, however, the general rule is that exemplary damages are not recoverable. 9 Michigan Law & Practice, Damages, § 91, p 88; 22 Am Jur 2d, Damages, § 245, p 337. Just as with that denying damages for mental distress, the theory underlying the denial of exemplary damages in breach of contract cases is that the plaintiff is adequately compensated when damages are awarded by

reference only to the terms of the contract." *Kewin, supra,* pp 419-420.

The Court held that, "absent allegation and proof of tortious conduct existing independent of the breach * * * exemplary damages may not be awarded in common-law actions brought for breach of a commercial contract". *Kewin, supra,* pp 420-421.

Plaintiff, having alleged no tortious conduct independent of the breach, cannot recover damages if her employment contract is a commercial contract. She claims, however, that an employment contract is not commercial, but is personal in nature, seeking the benefit of an exception to the general rule noted in *Kewin, supra,* p 420. We cannot agree. The only contract which the Court in *Kewin* recognized as noncommercial was the contract to marry. We agree with plaintiff that the employment relation consists of significant personal, as well as commercial, elements. An employment contract does not, however, fail the only test for a commercial contract noted by the Court in *Kewin:* the susceptibility of accurate pecuniary estimation of damages. A breach of an employment contract may produce substantial easily ascertainable monetary damages. In this respect, it is not at all like a marriage contract. It is also unlike other contracts for which exemplary (or punitive) damages have been held proper in other jurisdictions. See 22 Am Jur 2d, Damages, § 245, p 337. Although we will not hold that all employment contracts are commercial under *Kewin,* plaintiff has failed to state any facts to make her employment contract exceptional by its emphasis on personal, rather than commercial, goals. We hold that plaintiff's complaint does not state a

claim upon which exemplary damages may be awarded.

The trial judge also held that damages for mental distress were not recoverable for breach of an employment contract. Again, we turn to the Supreme Court's opinion in *Kewin* for guidance. In all breach of contract actions, the damages recoverable are those that arise naturally from a breach, or that were within the parties' contemplation at the time of contracting. *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854). Generally, damages for mental distress cannot be recovered for breach of a contract. *Kewin, supra,* p 415. The Supreme Court recognized the continuing validity of the exception stated in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957):

"The nature and object of the agreement justified the treatment accorded it in *Stewart.* A contract to perform a Caesarean section is not a commercial contract in which pecuniary interest are most important. Rather, such a contract involves 'rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal'. *Stewart,* 469. Where such interests are invaded by breach of a contract meant to secure their protection, mental distress is a particularly likely result. Flowing naturally from the breach, these injuries to the emotions are foreseeable and must be compensated despite the difficulty of monetary estimation." *Kewin, supra,* p 416.

While we agree with plaintiff that breach of an employment contract is more likely to cause injuries to the emotions than most breaches of contract, we agree with defendant that the employment contract's essence is commercial. Upon a breach, plaintiff can be adequately compensated by reference to the contract's terms. *Kewin, supra,* p 417. See also 38 Am Jur 2d, Fright, Shock and

Mental Disturbance, § 35, p 43. The same result we have reached on this issue was reached by a federal district court applying Michigan law in *Fisher v General Telephone Co of the Northwest, Inc,* 510 F Supp 347 (ED Mich, 1980).

Plaintiff's complaint alleged no facts on which a court could find that, in making her specific employment contract, the parties contemplated that mental distress damages would be caused by its breach. *Kewin, supra,* p 419. Although plaintiff labeled part of her complaint as a tort action for intentional infliction of mental distress, she pled no facts in support of this claim beyond stating that defendant intentionally breached the contract. If Michigan recognizes a tort action for the intentional infliction of emotional distress (see *Kewin, supra,* p 421), plaintiff's complaint fails to state such a claim.

Affirmed. Costs to appellee.

J. H. GILLIS, J. *(dissenting).* I respectfully dissent. Plaintiff commenced this action for breach of an alleged implied contract of employment. The trial court granted summary judgment in favor of defendant on that portion of plaintiff's claim requesting punitive and exemplary damages for breach of the employment contract. The court also granted summary judgment on plaintiff's claim for damages for intentional infliction of emotional distress. Plaintiff appeals as of right.

The issue is whether Michigan law authorizes the award of mental distress damages and exemplary damages for breach of an employment contract.

## MENTAL DISTRESS DAMAGES

Under the rule of *Hadley v Baxendale,* 9 Exch

341; 156 Eng Rep 145 (1854), damages recoverable for breach of contract are those that arise naturally from the breach or those that were within the contemplation of the parties at the time the contract was made. Where the contract is commercial in nature, damages are limited to the monetary value of the contract had the breaching party fully performed under it; mental distress damages are not recoverable. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 414-415; 295 NW2d 50 (1980). Mental distress damages are recoverable for breach of contract, however, where the contract is not primarily commercial in nature but, rather, involves "rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal". *Stewart v Rudner,* 349 Mich 459, 469; 84 NW2d 816 (1957).

In *Stewart,* the plaintiff alleged that the defendant doctor had breached a promise to deliver plaintiff's child by Caesarean section. Plaintiff alleged that her child was stillborn as a result of defendant's breach, and she sought mental distress damages. The Supreme Court held that such damages were recoverable, stating:

"It is true, in the ordinary commercial contract, damages are not recoverable for disappointment, even amounting to alleged anguish, because of breach. Such damages are, in the words of defendant's requested charge, 'too remote.' But these are contracts entered into for the accomplishment of a commercial purpose. Pecuniary interests are paramount. In such cases breach of contract may cause worry and anxiety varying in degree and kind from contract to contract, depending upon the urgencies thereof, the state of mind of the contracting parties, and other elements, but it has long been settled that recovery therefor was not contemplated by the parties as the 'natural and probable' result of the breach. [Citations omitted.]

"Yet not all contracts are purely commercial in their nature. Some involve rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal. In such cases the award of damages for mental distress and suffering is a commonplace, even in actions *ex contractu.*

\* \* \*

"\* \* \* When we have a contract concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the parties may reasonably be said to have contracted with reference to the payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it." *Stewart, supra,* pp 469, 471.

The Supreme Court in *Kewin, supra,* recognized the *Stewart* exception to the general rule limiting damages for breach of contract, but found it inapplicable. The *Kewin* Court held that an insurance contract for disability income protection was commercial in nature and that mental distress damages were therefore not recoverable. That decision has been applied by panels of this Court to other types of insurance contracts. See, *e.g., Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171, 183; 318 NW2d 679 (1982); *Stein v Continental Casualty Co,* 110 Mich App 410, 422-424; 313 NW2d 299 (1981).

The narrow issue then is whether plaintiff's employment contract with defendant was commercial or personal in nature.

Recent decisions of the Michigan Supreme Court evidence a growing recognition of the importance of continued and secure employment to a person's

physical and mental health. In *Lowe v Hotel & Restaurant Employees Union, Local 705,* 389 Mich 123, 148; 205 NW2d 167 (1973), the Court, in a different context, observed:

> "Every man's employment is of utmost importance to him. It occupies his time, his talents, and his thoughts. It controls his economic destiny. It is the means by which he feeds his family and provides for their security. It bears upon his personal well-being, his mental and physical health.
> "In days gone by, a man's occupation literally gave him his name. Even today, continuous and secure employment contributes to a sense of identity for most people."

See, also, *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980).

Although plaintiff's employment contract admittedly involved a significant commercial aspect, in my opinion it also involved important personal rights and dignities sufficient to bring it within the exception announced in *Stewart, supra.* The breach of an employment contract such as the one involved herein often results in serious disruption of the employee's life and livelihood and carries with it the likelihood of severe mental and emotional disturbance such as may reasonably be said to have been within the contemplation of the parties at the time the contract was made. I believe the decision in *Kewin, supra,* should be distinguished because it involved a contract which was purely commercial in nature. The trial court erred in granting summary judgment on plaintiff's claim for mental distress damages.

## Punitive and Exemplary Damages

Plaintiff's complaint sought both punitive and

exemplary damages. Punitive damages are awarded solely to punish or make an example of a defendant because of the malice or recklessness with which he acted. Exemplary damages, on the other hand, are awarded to compensate the plaintiff for injuries to feelings and for the sense of humiliation and indignity because of injury maliciously and wantonly inflicted. *American Central Corp v Stevens Van Lines, Inc,* 103 Mich App 507, 514-515; 303 NW2d 234 (1981). While exemplary damages may be recoverable in the proper case, Michigan law prohibits an award of punitive damages. *Kewin, supra,* p 419; *Jackovich v General Adjustment Bureau, Inc,* 119 Mich App 221, 236; 326 NW2d 458 (1982). The trial court properly granted summary judgment as to plaintiff's claim for punitive damages.

In *Kewin, supra,* the Court stated the following rule with regard to exemplary damages in commercial contract cases:

"We hold that, absent allegation and proof of tortious conduct existing independent of the breach, see, *e.g., Harbaugh v Citizens Telephone Co,* 190 Mich 421; 157 NW 32 (1916), exemplary damages may not be awarded in common-law actions brought for breach of a commercial contract." (Footnote omitted.) *Kewin, supra,* pp 420-421.

As previously discussed, I am of the opinion that the employment contract involved herein is not a purely commercial contract as was the case in *Kewin.* In contrast to *Kewin,* the injury which arises upon the breach of an employment contract is not merely a "financial one, susceptible of accurate pecuniary estimation". *Kewin, supra,* p 420. Rather, plaintiff alleged that defendant breached the employment contract with malice and as a

result of discriminatory practices. If proven, the damages resulting from the alleged breach encompass injury to feelings which cannot be measured by reference to the terms of the contract alone. Since the contract was personal as well as commercial in nature, plaintiff should be entitled to submit the issue of exemplary damages to the jury.

However, as noted in Justice WILLIAMS' opinion in *Kewin,* both mental distress damages and exemplary damages are intended to compensate for injured feelings. Since both damage claims are intended to compensate for the same injury, an award of both exemplary and emotional distress damages constitutes an improper recovery for an identical wrong. While plaintiff should be allowed to submit both issues to the jury, recovery may be had upon only one theory. See *Kewin, supra,* pp 460-462. I would hold that the trial court erred in granting summary judgment on plaintiff's claim for exemplary damages.

I would affirm the judgment as to the claim for punitive damages, reverse it in all other respects and remand for trial.